WOLCOTTS FINANCIAL SERVICES, INC., Plaintiff/Appellant,

v.

Elaine McREYNOLDS, in her official capacity as the Commissioner for the Tennessee Department of Commerce and Insurance, and Terry Dycus, in his official capacity as investigator for the Securities Division of the Department, Defendants/Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 28, 1990.

Application for Permission to Appeal Denied by Supreme Court April 8, 1991.

W. Neil Thomas, III and Phillip E. Flee-nor, Shumacker & Thompson, Chattanooga, for plaintiff/appellant.

Charles W. Burson, Atty. Gen. and Reporter and Albert L. Partee, III, Asst. Atty. Gen., Nashville, for defendants/appellees.

## OPINION

TODD, Presiding Judge.

This is a suit to enjoin the Commissioner of Commerce and Insurance from enforcing a "cease and desist order" issued by the Commissioner on August 10, 1989, requiring plaintiff and others to cease and desist from engaging in business as an unregistered broker-dealer, or selling unregistered securities.

The "Memorandum and Order" of the Trial Judge states:

This case is before the Court on defendants' motion to dismiss. Plaintiff has asked the Court to enjoin defendant Commissioner and Department from enforcing their Cease and Desist Order against plaintiff. Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

On August 10, 1989 the Commissioner for the Department of Commerce and Insurance ordered plaintiff to cease and desist from alleged violations of state security laws. Plaintiff answered and filed a demand for hearing with the Securities Division on November 9, 1989. When no hearing date was set within thirty days, plaintiff then asked the Securities Division to dismiss the case.

On February 5, 1990 the Securities Division informed plaintiff that all pleadings should have been filed with the Administrative Procedures Division of the State Department. The Securities Division transferred all documents to the Administrative Procedures Division, and an administrative law judge was assigned to the case.

Plaintiff asserts that by filing its answer and hearing demand with the Securities Division it exhausted all its administrative remedies, and that the case now is properly before this Court as a denial of its due process rights. Defendants reply that plaintiff merely misfiled its pleadings and has not been prejudiced by any delay in receiving a hearing.

Whether plaintiff complied with administrative rules governing the filing of documents in a contested case is a matter of determination for the administrative law judge. Any adjudication of the merits of plaintiff's case by the Court would be premature at this time.

Accordingly, defendants' motion to dismiss is granted. Costs are assessed to plaintiff.

The sole issue presented by appellant is:

1. WHETHER THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT WHICH SOUGHT TO ENJOIN THE STATE FROM MAINTAINING AN EX PARTE CEASE AND DESIST ORDER AGAINST PLAINTIFF'S OPERATIONS WHERE THE STATE REFUSED TO AFFORD PLAINTIFF A HEARING ON THE CHARGES UNDERLYING THAT ORDER.

The failure to state a claim for which relief can be granted is determined from an examination of the complaint alone. *Holloway v. Putnam County*, Tenn.1976, 534 S.W.2d 292; *Cornpropst v. Sloan*, Tenn. 1975, 528 S.W.2d 188.

■ The question of jurisdiction may be decided upon facts stated in the complaint and/or upon facts otherwise presented to the Court. As to this question, the facts are supplied, at least in part, by two certified administrative records and an affidavit which present uncontroverted evidence of the nature and status of the administrative proceeding. *See* Advisory Commission Comments to T.R.C.P. Rule 12.

The gravamen of the complaint is that the Commissioner has issued a cease and desist order against plaintiff accompanied by a notice that, upon demand, a hearing will be held within 30 days after demand or completion of discovery; that no discovery has been initiated and no hearing has been held within 30 days after plaintiffs demand therefor. The complaint does not pray for an administrative hearing, but for a dissolution of the cease and desist order and injunction against its enforcement.

The cease and desist order and attachments are exhibited to the complaint. It appears therefrom that the restraining order was issued by the Commissioner pursuant to Tenn.Code Ann. § 48–2–116 which provides in pertinent part as follows:

    **48–2–116. Rules, forms, orders, and hearings.—** (a) The commissioner may from time to time make, promulgate, amend, and rescind such rules, forms, and orders as are necessary to carry out the provisions of this part, including rules, forms, and orders governing registration statements, applications, and reports, and defining any terms, whether or not used in this part, insofar as the definitions are not inconsistent with the provisions of this part. For the purpose of rules and forms, the commissioner may classify securities, persons, and matters within his jurisdiction, and prescribe different requirements for different classes.

    (b) No rule, form, or order may be made, promulgated, amended, or rescinded unless the commissioner finds that the action is in the public interest, necessary for the protection of investors and consistent with the purposes fairly intended by the policy and provisions of this part. In prescribing rules and forms, the commissioner may cooperate with the securities administrators of other jurisdictions, the Securities and Exchange Commission, or any national securities exchange or national securities association registered under the Securities and Exchange Act, as amended, with a view to effectuating the policy of this part to achieve maximum uniformity in the form and content of registration statements, applications, and reports wherever practicable.

   *     *     *     *     *     *

    (2) No order may be entered under this part (except routine orders of effective registration, registration termination by operation of law, or registration abandonment) without:

    (A) Notice to the affected parties (which shall be proper notice unless the commissioner determines that prior notice would not be in the public interest and would be detrimental to the protection of investors);

    (B) Opportunity for a hearing before the commissioner; and

    (C) Written findings of fact and conclusions of law.

It also appears that the cease and desist order was issued upon a complaint supported by affidavit that plaintiff was selling securities in violation of Tenn.Code Ann. § 48–2–104, and that the Commissioner determined that the public interest required that the cease and desist order issue without prior notice to the plaintiff.

■ The order purported to restrain only unlawful conduct and was accompanied by notice of opportunity for a full hearing, and there is no allegation or evidence that the Commissioner has or is about to seek judicial enforcement of the cease and desist order. For these reasons, this Court is unable to find that the issuance of the

cease and desist order by an administrative official without prior notice and hearing was so extreme and confiscatory as to invoke extraordinary judicial powers to vacate it. Accordingly, this Court has determined that the complaint does not state grounds for judicial relief on the basis of the issuance of the cease and desist order without prior notice and hearing.

The other ground of relief stated in the complaint is that plaintiff was not granted the prompt hearing to which it was entitled. The response of the Commissioner is that plaintiff's request for a hearing was sent to the wrong office. To the extent that plaintiffs suit is based upon an allegation that the hearing was arbitrarily and unreasonably delayed, the issue of the proper place of filing the request for hearing is relevant.

The "Complaint and Notice" which was sent to plaintiff on August 10, 1989; was captioned:

Before the Commissioner of Commerce and Insurance of the State of Tennessee at Nashville
Securities Division,
    Petitioner,
V.
                    Docket No. 12.06–A–89–0830J

Wolcotts Financial Services, Incorporated

The notice stated that:

A hearing on this matter will be held at Suite 680, Volunteer Plaza, 500 James Robertson Parkway, Nashville, Tennessee, 37219, after the parties have completed discovery or within 30 days receipt (sic) of Respondents' request for a hearing, whichever comes last.

\*   \*   \*   \*   \*   \*

Any such hearing, preliminary proceeding or discovery shall be governed by the Administrative Procedures Act (Tenn. Code Ann. § 4–5–101, et seq.)

The administrative record contains the first page of an "Answer of Respondents to Complaint and Notice." This page appears to be only the beginning and not the complete document, other page or pages of which are not found in the record. However the page in the record is imprinted with three stamped notations, one of which is "Filed Nov 09 1989 State of Tennessee Securities Division." The second notation is "Received Nov 09 1989 Legal Services Commerce and Insurance." The third notation is "Received 90 Feb 21 PM 240 Office of Secretary of State."

The administrative record also contains a letter which is as follows:

STATE OF TENNESSEE

DEPARTMENT OF COMMERCE AND INSURANCE

SECURITIES DIVISION

SIXTH FLOOR, VOLUNTEER PLAZA

500 JAMES ROBERTSON PARKWAY

NASHVILLE, TENNESSEE 37219

February 5, 1990

W. Neil Thomas, Jr., Attorney
Shumacker and Thompson
Suite 500
First Tennessee Building
701 Market Street
Chattanooga, TN 37402–4800

    Re: Wolcotts Financial Services, Inv.
    Answer and Motion to Dismiss
Dear Mr. Thomas:

    Enclosed please find your motion to dismiss and your answers to the Complaint and Notice. These documents must be filed with the Secretary of State's Office, Administrative Procedures Division. These documents were mistakenly filed with our department. If these documents are to be of record in the above-referenced case, they must be filed at the Secretary of State's Office.

    If you have questions concerning this, please call this department or the Secretary of State's Office.

        Sincerely,
        /S/
        Robert Moore, Jr.
        Staff Attorney
RM:PAC
Enclosures

It is obvious from the foregoing that the pleading of plaintiff was sent to the very office from which the plaintiff received the cease and desist order and complaint and notice, and that plaintiff's pleading was received and on November 7, 1989, and retained until February 5, 1990. This is the reason for the delay in the hearing promised to plaintiff in the notice it received.

■ Whatever the legal niceties, the retention of plaintiff's request for a hearing for nearly 90 days was and is inexcusable and an affront to a trusting public who have a right to expect better treatment from those whose salary is paid out of the public treasury.

In an effort to excuse this inexcusable conduct, the brief of the Commissioner states:

> Plaintiff sent an answer to the administrative complaint, as well as a motion to dismiss and demand for a contested case hearing, to the Securities Division of the Department of Commerce and Insurance rather than filing those documents with the Administrative Procedures Division of the State Department. During the time that the motion to dismiss was sent to the Securities Division, appellant also attempted to settle the contested case by seeking a "no-action letter" per Securities Rule 0780-4-1.05.

The Record contains two letters from counsel for plaintiff to the Assistant Commissioner for Securities. The first, dated October 20, 1989 is a nine page explanation of the portion of plaintiff concluding with a request that the cease and desist order be lifted. The second, dated November 14, 1989, is a three page review of plaintiff's position concluding with a request that no further action be taken against plaintiff.

The Record contains a motion to dismiss for failure to schedule a hearing received by "Legal Services, Department of Commerce and Insurance" on December 27, 1989.

The cited and summarized parts of the record do not in any way mitigate or explain the inexcusable handling of this matter by the responsible officials.

The brief of the Commissioner cites Adm.Rule 1360-4-1-.03(2) to the effect that "once the Administrative Procedures Division has become involved in any contested case proceeding, all pleadings and other materials required to be filed or submitted prior to the hearing of a contested case shall be filed with the Administrative Procedures Division where they will be stamped with a date and hour of their receipt."

The "Administrative Procedures Division" is evidently a division of the office of the Secretary of State. Recognizing the position and authority of this Division once its jurisdiction and aid has been invoked by an agency head, nothing is cited or found to indicate when, or how, this jurisdiction and aid was invoked. *See* Tenn.Code Ann. §§ 4-5-301, 48-2-116(e)(2)(B), 48-2-118(e)(3). Until notified by the Commissioner that the dispute had been referred to the Secretary of State, the plaintiff had a right to expect that the dispute would be handled by the Commissioner without resort to the Secretary of State.

The first such notification in this record is a letter from the Staff Attorney of the Department of Commerce and Insurance to counsel for plaintiff dated February 5, 1990.

The administrative record also contains a 16 page interrogatory and request for documents served by mail upon counsel for plaintiff on February 21, 1990, and filed with the Secretary of State on the same date.

It is, of course, insisted that, after the filing of the interrogatory, there was no right to a hearing until discovery is completed.

There is authority for judicial intervention when the actions or inaction of an administrative agency present a clear case of arbitrary disregard of the rights of a citizen by an administrative agency. *Coit Independent Joint Venture v. FSLIC*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). Absent such an extraordinary circumstance, the general rule is that the courts will not undertake review of an ad-

ministrative dispute until a final decision has been rendered by the administrative agency. Tenn.Code Ann. § 4–5–322.

Obviously there has been no final administrative determination of the issue before the administrative agency, that is, whether the plaintiff has engaged, is engaging or is about to unlawfully engage in the unlawful sale of securities. That issue is not ripe for judicial review under the Administrative Procedures Act.

As has already been stated, this record does not justify judicial intervention prior to final administrative decision.

If further proceedings before the administrative agency or inactivity of the agency should warrant extraordinary judicial intervention, such may be presented to the Courts for relief.

The judgment of the Trial Court is affirmed. Costs of this appeal are adjudged against the plaintiff. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.