IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 28, 2001 Session

**NATALYA MAZOR v. KENNETH ISAACMAN, D.D.S.**

**Appeal from the Circuit Court for Shelby County**
**No. 306208-5    Kay Robilio, Judge**

_____

**No. W2000-01485-COA-R3-CV - Filed June 6, 2002**

_____

This is a dental malpractice case. The patient visited the defendant dentist in August 1997 for routine root canal surgery. After the surgery, the patient began experiencing "constant" pain in the tooth in which the root canal was performed. She was told by the defendant dentist that this was pain ordinarily felt after root canal surgery. In February 1999, the patient visited another dentist who discovered that a piece of a drill bit had been left inside patient's tooth during the previous root canal. In December 1999, the patient filed a lawsuit against the defendant dentist for dental malpractice. The defendant dentist filed a motion to dismiss, arguing that the patient did not bring the claim within the one year statute of limitations. This motion was granted and the patient now appeals. We reverse, finding that the patient had one year from the time she discovered or should have discovered the foreign object in which to file her lawsuit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Patricia L. Penn, Memphis, Tennessee, for the appellant, Natalya Mazor.

R. Sadler Bailey, Memphis, Tennessee, for the appellee, Kenneth Isaacman, D.D.S.

**OPINION**

This is a dental malpractice case. Plaintiff/appellant Natalya Mazor ("Mazor") visited the defendant/appellee dentist, Kenneth Isaacman, D.D.S. ("Dr. Isaacman"), in August 1997 to have a routine root canal performed on her upper right molar. After the surgery, Mazor began experiencing severe pain in the tooth on which the surgery was performed. When Mazor complained to Dr. Isaacman about the pain in her tooth, Dr. Isaacman said that it was part of the pain ordinarily felt after root canal surgery. However, the pain continued.

In February 1999, Mazor visited another dentist, Dr. Gennady Orlovetsky. After taking X-rays of the tooth, Dr. Orlovetsky discovered that a piece of a drill bit had been left in Mazor's tooth during the previous root canal surgery.

In December 1999, some two years after the root canal surgery was performed, Mazor filed a dental malpractice lawsuit against Dr. Isaacman. In her complaint, Mazor asserted that "[d]uring post-surgery, [Mazor] began experiencing excruciating pain in the tooth on which the root canal was performed." She stated that she visited Dr. Orlovetsky in February 1999 "in regard to the constant pain she was experiencing in her tooth since the root canal" surgery in August 1997. Mazor alleged that she was injured by the piece of drill bit "negligently left by [Dr. Isaacman] in [Mazor's] tooth." Mazor alleged that she had suffered permanent injury as a result of Dr. Isaacman's negligence. Mazor claimed that she continues to suffer excruciating pain and has been forced to undergo additional dental procedures in an attempt to alleviate the pain. Anticipating assertion of the applicable one-year statute of limitations, Mazor asserted in the complaint that:

> Although the date of this stated complaint is beyond the terms stated in the Statute of Limitations for bringing a claim, Tennessee law provides: "In those cases where medical malpractice is asserted to have occurred through negligent performance of surgical procedures, cause of action accrues and statute of limitations commences to run when patient discovers or, in exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury."

(citing Tenn. Code Ann. § 29-26-116[1]).

In response to the complaint, Dr. Isaacman filed a motion to dismiss for failure to state a claim. In the motion to dismiss, Dr. Isaacman asserted that since Mazor alleged in her complaint that she suffered immediately post-operative pain from the root canal surgery and that such pain was "constant" until the time of filing her complaint, Mazor's cause of action accrued immediately after the surgery and was therefore barred by the applicable one-year statute of limitations. In response to Dr. Isaacman's motion to dismiss, Mazor asked the trial court to consider pleadings, discovery

---

[1] Tenn. Code Ann. § 29-26-116(a) provides:

(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.

(2) In the event the alleged injury is not discovered within such one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

...

(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body, in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

and other documents[2] in which she states that the pain subsided after Dr. Isaacman resurfaced the tooth shortly after the surgery and did not return until the fall of 1998, becoming more intense later that winter.  The trial court declined to consider the pleadings and other documents filed after Mazor's complaint and ruled on Dr. Isaacman's motion to dismiss based solely on the allegations contained in the complaint.[3]  Dr. Isaacman's motion to dismiss was granted by the trial court by order dated March 31, 2001.  Thereafter, Mazor filed several post-judgment motions, including a motion to amend the judgment under Rule 52.02 of the Tennessee Rules of Civil Procedure and a motion to reconsider under Rule 59.04.  Each of these motions were denied by the trial court by order dated June 2, 2002.   From these orders, Mazor now appeals.

On appeal, Mazor presents several arguments.  Overall, Mazor argues that the trial court erred in granting Dr. Isaacman's motion to dismiss.  Mazor also argues that the trial court committed reversible error in hearing the motion to dismiss within thirty days from the date Dr. Isaacman filed his memorandum in support of his motion and by failing to consider all documents and pleadings filed at the time of the hearing on the motion.  Mazor next argues that it was reversible error for the trial court to deny her post-judgment motions to amend or reconsider the judgment in order that she might file an amended complaint.  Finally, Mazor argues that the trial court erred in excluding certain filings from the record on appeal.  On appeal, we consider first whether the trial court erred in granting Dr. Isaacman's motion to dismiss for failure to state a claim.

A motion to dismiss for failure to state a claim upon which relief could be granted tests the sufficiency of the complaint alone.  ***Wolcotts Fin. Servs., Inc. v. McReynolds***, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990).  In ***Humphries v. West End Terrace, Inc.***, 795 S.W.2d 128 (Tenn. Ct. App. 1990), this Court said:

> A motion to dismiss pursuant to Rule 12.02(6), Tenn. R. Civ. P., for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and, thus, is a test of the sufficiency of the leading pleading. ***Cornpropst v. Sloan***, 528 S.W.2d 188, 190, 93 A.L.R.3d 979 (Tenn. 1975). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. ***Cornpropst***, 528 S.W.2d at 190. A complaint should not be dismissed upon such motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Fuerst v. Methodist Hospital South***, 566 S.W.2d 847, 848 (Tenn. 1978). In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court

---

[2] These documents were: 1) Mazor's sworn answers to Defendant's first set of interrogatories; (2) Mazor's response to Defendant's motion to dismiss; 3) Mazor's notice of filing and the affidavit of Dr. Orlovetsky; and (4) Mazor's motion to amend her original complaint and the attached amended complaint.

[3] There is no transcript of the hearing on the motion to dismiss, nor does the record include the parties' memoranda on the motion.

should construe the complaint liberally in favor of the plaintiff taking all of the allegations of fact therein as true. ***Huckeby v. Spangler***, 521 S.W.2d 568, 571 (Tenn. 1975).

***Id.*** at 130. ***See also Riggs v. Burson***, 941 S.W.2d 44, 47-48 (Tenn. 1997).

We note first that Mazor alleges in her complaint that she was injured as a result of Dr. Isaacman's alleged negligence in leaving a piece of drill bit in her tooth. Tennessee Code Annotated § 29-26-116(a)(4) (2000) states that "where a foreign object has been negligently left in a patient's body...the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered." This statute has been interpreted to require only that the plaintiff bring the action within one year after the foreign object was discovered or should have been discovered. ***See Wilson v. E. Tenn. Baptist Hosp.***, 1984 Tenn. App. LEXIS 3082, at *4-5 (Tenn. Ct. App. Aug 8, 1984) (finding that plaintiff's claim was time barred where she did not bring suit within one year of a medical clamp being discovered inside her chest). The legislative history of Section 29-26-116(a)(4) indicates that the one-year period applies from the discovery of the foreign object. In ***Hall v. Ervin***, the Tennessee Supreme Court examined the legislative debates and stated:

> The references [in the legislative debates] dealt with concern over a physician's leaving "a pair of forceps inside of you or a sponge or anything else..." An amendment to allow one year after *discovery of such a "foreign object"* was offered by a senator. However, a member of a special study committee of the Senate pointed out that the bill already contained such a provision. He read aloud the language now basically constituting T.C.A. § 29-26-116(a)(4). The proposed amendment was thereupon withdrawn.

***Hall v. Ervin***, 642 S.W.2d 724, 728 (Tenn. 1982) (emphasis added). Though Mazor does not refer to this statute in her complaint, she alleges clearly that her injury was the result of a piece of drill bit negligently left in the tooth during the root canal surgery. On appeal, Dr. Isaacman does not point to anything in Mazor's complaint which would establish that Mazor, as a matter of law, should have discovered the presence of the drill bit prior to the X-ray in February 1999. Under these circumstances, we must conclude that the trial court erred in granting Dr. Isaacman's motion to dismiss. All remaining issues raised by the parties are pretermitted by this holding.

The decision of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs of this appeal are taxed against the appellee, Dr. Kenneth Isaacman, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE