# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief October 23, 2001

## RICHARD LYNN NORTON v. RANDY ECKMAN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9307      Jon Kerry Blackwood, Judge**

---

**No. W2001-00762-COA-R3-CV - Filed December 28, 2001**

---

The Plaintiff, an inmate in a correctional facility, has appealed the trial court's grant of Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. We reverse the order of dismissal and remand to the trial court to dispose of the Plaintiff's summary judgment motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Richard Lynn Norton, *Pro Se*.

Tom Anderson, Jackson, Tennessee, for the appellee, Randy Eckman.

### MEMORANDUM OPINION[1]

A complaint was filed by Richard Lynn Norton wherein he describes himself as an inmate at the Hardeman County Correctional Facility which is operated by Corrections Corporation of America. The Defendant, Randy Eckman, is identified as "warden over program." The complaint alleges that Mr. Norton was removed from his housing unit to a segregation unit on May 19, 2000. His personal property was left behind in his cell, and his tennis shoes, watch, $5 in postage stamps and $5 in ice tickets were disposed of. On May 22, 2000, Mr. Norton's Smith Corona typewriter

---

[1]**Rule 10. MEMORANDUM OPINION**. The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

was missing when his personal property was returned to him by his living area staff officials. It is further alleged that Mr. Norton proceeded through the inmate grievance procedures and was denied relief. The complaint prays that his property be replaced. The complaint was filed on August 31, 2000.

On November 6, 2000, Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to rule 12.02(6) of the Tennessee Rules of Civil Procedure. The motion was granted by order of the trial court entered on March 22, 2001.

Mr. Norton is representing himself on this appeal, as he did in the trial court. While his brief does not state specific issues, we perceive from the brief that he is appealing the trial court's order granting the Defendant's motion to dismiss.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). However, "inferences to be drawn from the facts or the legal conclusions set forth in a complaint are not required to be taken as true." *Id.* at 48 (citing *Dobb v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). Obviously, when considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint considered alone and taken as true are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn. 1994). The motion should be denied unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919 (Tenn. 1999).

Although in-artfully drawn, given the liberal interpretation in favor of the Plaintiff to be given to the complaint in considering such a motion, we believe that the complaint does state a cause of action sufficient to overcome a motion to dismiss for failure to state a claim upon which relief can be granted. The order of the trial court granting the motion to dismiss is reversed.

We further note from the record that on November 21, 2000, Mr. Norton filed a motion for summary judgment accompanied by his own affidavit wherein he states that, although the records of the correctional institution state otherwise, his typewriter was never returned to him. Although the affidavit also states that "I was gave [sic] the rest of my personal property and my Office (2000) Smith Corona typewriter was missing . . . .", it would appear from reading the complaint along with the affidavit that he is referring to his personal property other than the watch, tennis shoes, postage stamps and ice tickets. When a motion for summary judgment is made and supported as provided for in rule 56.06 of the Tennessee Rules of Civil Procedure, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but his or her response, by affidavits or

otherwise, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party. The record before us does not contain a response by the Defendant to the Plaintiff's motion for summary judgment. Therefore, this cause is remanded to the trial court for a determination as to whether summary judgment is appropriate.

Costs of this appeal are taxed to the Defendant, Randy Eckman.

_____
DAVID R. FARMER, JUDGE