IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief September 6, 2001

## JOSEPH CARL PIERCE, SR., ET AL. v. CORRECTIONS CORPORATION OF AMERICA, ET AL.

### Direct Appeal from the Circuit Court for Hardeman County
No. 9295     Jon Kerry Blackwood, Judge

### No. W2001-00595-COA-R3-CV - Filed January 17, 2002

This is an appeal from an order of the trial court granting a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  We reverse in part and affirm in part.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Reversed in part; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Joseph Carl Pierce, Sr., *Pro Se*.

Tom Anderson, Jackson, Tennessee, for the appellees, Corrections Corporation of America, Prison Management Services, Inc, Prison Realty Trust, Inc. and Correctional Management Services Corporation.

### MEMORANDUM OPINION[1]

A complaint was filed in this cause on July 25, 2000.  On September 8, 2000, a motion to dismiss was filed in behalf of Defendants, Corrections Corporation of America (CCA), Prison Management Services, Inc. (PMSI), Prison Realty Trust, Inc. (PRT) and Correctional Management Services Corporation (CMSC).[2]  An amended complaint was filed January 25, 2001.

---

[1]**RULE 10.  MEMORANDUM OPINION**.  The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]No response is included in the record for any of the other Defendants and there is no indication that any of

(continued...)

The trial court entered an order granting the motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Rule 12.02(6) Tenn. R. Civ. P. We perceive the issue to be simply whether or not the trial court erred in granting the motion to dismiss.

Before addressing the merits of this appeal, we feel that it is necessary to determine the proper Plaintiff or Plaintiffs. The complaint was signed by Joseph Carl Pierce, Sr. Below the signature blank he identified himself as "Plaintiffs' Spokesperson." The complaint identifies Mr. Pierce as residing at the Whiteville Correctional Facility in Hardeman County, Tennessee, after having been convicted of a crime in the State of Wisconsin and sentenced to a term of 23 years. The complaint also identifies Mr. Pierce as a "jail-house lawyer." Furthermore, a complaint signed by an attorney must include the signer's Tennessee Board of Professional Responsibility number. *See* Tenn. R. Civ. P. 11.01. Therefore, we conclude from this record that Mr. Pierce is not an attorney and therefore cannot properly represent the remaining named Plaintiffs. Furthermore, the Notice of Appeal was signed solely by Joseph Carl Pierce, Sr., albeit as "Plaintiffs' Spokesperson." Therefore, we will review this action only with respect to Plaintiff Joseph Carl Pierce, Sr.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). However, "inferences to be drawn from the facts or the legal conclusions set forth in a complaint are not required to be taken as true." *Id.* at 48 (citing *Dobb v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). Obviously, when considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint considered alone and taken as true are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn. 1994). The motion should be denied unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919 (Tenn. 1999).

The complaint describes Mr. Pierce as residing at the Whiteville Correctional Facility (WCF) in Hardeman County, Tennessee. After having been convicted in a criminal case in the State of Wisconsin, he was sentenced on or about November 5, 1991, to a term of 23 years.

Defendant CCA is identified as a Tennessee Corporation authorized to do business in the states of Tennessee and Wisconsin. Defendant PRT is identified as a corporation organized under the laws of the State of Maryland and CMSC as a Tennessee corporation. Each of the latter are

---

[2](...continued)
them were served with process. Therefore, we will consider only the allegations as to the Defendants which filed the motion to dismiss.

alleged to be authorized to do business in the states of Tennessee and Wisconsin. Defendant PMSI is identified as a Tennessee corporation.

Several numerical paragraphs of the complaint state the corporate structures of various Defendants including mergers and leases among them, as well as allegations of political contributions, none of which appear to state a claim which would entitle Mr. Pierce to relief.

The complaint also contains allegations of abusive conduct by CCA staff at facilities located at Youngstown, Ohio and Columbia, South Carolina. However, there are no allegations that Mr. Pierce was ever incarcerated at either of those facilities or suffered any injury as a result of the alleged acts of the Defendants at those facilities.

It is the position of the appellees that "Plaintiffs filed their complaint seeking to be released from custody." Therefore, they argue that the complaint is in reality a petition for writ of *habeas corpus*. It is true that a portion of the relief sought in the complaint is release from confinement. However, as we will explain further that is only a portion of the relief sought. Insofar as the complaint can be construed as seeking *habeas corpus* relief, it is well established that *habeas corpus* relief for a person incarcerated as a result of having been convicted of a crime is limited and available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that appellant's sentence of imprisonment has expired. *See Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If, from the face of the petition the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void or not entitled to any relief, the court shall dismiss the petition and refuse the issuance of the writ. Tenn. Code Ann. § 29-21-109 (1980). *Habeas corpus* proceedings are essentially civil in nature and the rules of civil procedure are applicable where consistent with Tenn. Code Ann. § 29-21-101 *et. seq*. Tenn. R. Civ. P. 12 provides trial courts the authority to dismiss pleadings which fail to state a claim upon which relief may be granted. It is clear that Plaintiff is not entitled to this relief. As heretofore stated, the complaint alleges that Mr. Pierce was sentenced in the State of Wisconsin on or about November 5, 1991 to a term of 23 years. There is no allegation that his sentence has expired or that the convicting court in Wisconsin was without jurisdiction or authority over him.

Appellees have not addressed the remaining allegations of the complaint. A motion to dismiss for failure to state a claim upon which relief can be granted admits the truth of all relevant and material allegations but asserts that such allegations do not constitute a cause of action as a matter of law. In considering such a motion, we are to construe the complaint liberally in favor of the plaintiff. Applying this liberal interpretation, in reviewing the complaint and amended complaint we will construe allegations concerning Plaintiffs and inmates to include Mr. Pierce.

Insofar as the complaint challenges the validity of a contract between the State of Wisconsin Department of Corrections and CCA, we believe that the State of Wisconsin would be a necessary and indispensable party to such an action. *See* 67A C.J.S. *Parties* §§ 4, 53(a).

It is further alleged that the complainant was deprived of due process. An inmate does not have a constitutional right to be assigned to a particular penal institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Newell v. Brown*, 981F.2d 880, 883 (6th Cir. 1993); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).

The complaint alleges that CCA maintains a policy which allows inappropriate use of electrical shocking devices, kicking and beating inmates, spraying inmates with mace for the sole purpose of imposing pain and other abusive acts. It is also alleged that inmates were deprived of drinking water for over 36 hours during a lock down and were deprived of bathing water, water to flush their toilets for a period in excess of 72 hours and failure to provide medical care. The complaint further alleges that CCA was negligent in failing to properly supervise and train its employees. The complaint alleges that the correctional facility requires residents to use the facility's laundry service but intentionally causes their clothing to be damaged. The complaint seeks compensatory and punitive damages. We believe the allegations set forth above constitute a claim upon which relief may be granted. This opinion is not to be interpreted as any indication by this Court as to the merits of the allegations but our holding is merely that the allegations heretofore set forth state a justiciable claim.

We note that Appellees' brief contains the following:

> In reviewing whether the evidence supports the Order, the courts follows ". . . the traditional rule of viewing the evidence in the light most favorable to the prevailing party." *Coal Resources, Inc. v. Gulf & Western Industries, Inc.*, 865 F.2d 761, 767 (6th Cir. 1981), *amended*, 877 F.2d 5 (6th Cir. 1989); *Calhoun v. Baylor*, 646 F.2d 1158, 1160 (6th Cir. 1981). Orders of trial courts are entitled to considerable deference, and judgments supported by some competent, credible evidence going to all the essential elements will not be reversed by a reviewing court as against the manifest weight of the evidence. *Adkins v. GAF Corp.*, 923 F.2d 1225, 1232 (6th Cir. 1991). Unless the evidence so clearly favors the Appellant that reasonable minds could not differ, the trial court should be upheld. *SEE Calhoun* at p. 1160.

Unlike a trial on the merits or a motion for summary judgment, there is no evidence to consider in reviewing a motion to dismiss for failure to state a claim upon which relief can be granted. This motion simply tests the legal sufficiency of the complaint.

The order of the trial court granting the Defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted is affirmed in part, reversed in part and remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed one-half to the appellant, Joseph Carl Pierce, Sr., and one-half to the appellees, Corrections

Corporation of America, Prison Management Services, Inc., Prison Realty Trust, Inc., and Correctional Management Services Corporation.

_____
DAVID R. FARMER, JUDGE