IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 28, 2018

## IN RE: ADOPTION OF JORDAN F. J.

**Direct Appeal from the Chancery Court for Gibson County**
**No. 19351     George Ellis, Chancellor**

_____

**No. W2013-00427-COA-R3-PT - Filed November 20, 2013**

_____

This is a termination of parental rights and adoption case. The trial court granted Appellee/Father's motion for involuntary dismissal at the conclusion of Appellants' proof. Because the trial court failed to make the required findings of fact and conclusions of law under Tennessee Rule of Civil Procedure 41.02(2), and because we are unable to determine the trial court's reasoning from the record, we vacate and remand.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Brandon L. Newman, Trenton, Tennessee, for the appellant, Anthony A. and Laurie A.

**OPINION**

Laurie A. ("Mother") and Christopher J. ("Father," or "Appellee") are the biological parents of the minor child at issue in this case, Jordan F. J.[1] Mother and Father were never married and, at the time of the filing of the petition in this case, Father was incarcerated. Mother is married to Anthony A. (together with Mother, "Appellants"). On June 2, 2009, Appellants filed a petition to terminate Father's parental rights and for adoption of Jordan F. J. by Anthony A. The petition was contested by Father. Following the filing of the Appellants' petition, numerous procedural issues concerning discovery, appointment of a

---

[1] In cases involving minor children, it is this Court's policy to redact names to protect the children's identity.

guardian *ad litem*, withdrawal of various attorneys, and denial of Appellants' motion for summary judgment were addressed by the trial court. None of this procedural history is germane to the instant appeal, and we will not tax the length of the opinion to recite it fully here. Suffice to say, after protracted litigation and numerous continuances, the Appellants' petition was heard by the trial court on July 24, September 11, and November 14, 2012. Our record contains only the transcript of the July 24, 2012 proceedings. However, by Order of March 13, 2013, this Court granted Appellants leave to file a Tennessee Rule of Appellate Procedure 24(c) statement of the evidence. This statement of the evidence was filed on April 10, 2013. As is relevant to this appeal, at the conclusion of Appellants' proof in this case, Father made a motion for involuntary dismissal, which the trial court granted. On December 14, 2012, the trial court entered an order memorializing its decision. The order, which is now appealed, provides, in its entirety, as follows:

> This matter came to be heard before the undersigned Judge on the 14th day of November, 2012, in the Chancery Court of Gibson County, Tennessee, upon statement of counsel, testimony of the parties, and upon the entire record, from all of which it appears to the Court IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:
>
> 1. That [Appellee's] Motion to Dismiss at the close of [Appellants'] proof is granted.

Appellants appeal and raise three issues for review as stated in their brief:

> 1. Whether the Chancery Court erred in granting Appellee's Motion to Dismiss without making a written finding of fact to be included in the record for appeal.
>
> 2. Whether it was error for the Chancery Court to grant the Appellee's Motion to Dismiss after the close of Appellant's proof.
>
> 3. Whether the holding in *In re Adoption of A.M.H.*, 215 S.W.3d 793, 797 is applicable to the case at bar.[2]

In the appellate record, the motion made by Appellee at the close of Appellants' proof

---

[2] The Appellee has filed no responsive brief in this appeal. By Order of October 16, 2013, this Court allowed the appeal to be submitted for decision on the record, Appellants' brief, and oral argument.

is labeled, at various places, a "motion to dismiss," a "motion for directed verdict," and a "motion for involuntary dismissal." Due to the confused nomenclature, we begin our analysis with a review of the procedural differences in these three types of motions.

From the plain language of the trial court's order, it appears that the trial court dismissed the case on the basis of a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure.[3] However, it is well settled that a Tennessee Rule of Civil Procedure 12 motion tests the legal sufficiency of the complaint. *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn.2007). When considering a Rule 12 motion, a reviewing court is limited to an examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn.1975). A trial court must consider a motion for judgment on the pleadings for failure to state a claim in a manner similar to consideration of a motion to dismiss for failure to state a claim. *Timmins v. Lindsey*, 310 S.W.3d 834, 838 (Tenn. Ct. App. 2009); *cf. Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 375 (Tenn. 2008). When a defendant files a motion to dismiss for failure to state a claim, the issue is whether the complaint is legally sufficient. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 425 (Tenn. 2011).

Although the trial court's order specifically states that it is granting a "motion to dismiss," as discussed below, it appears that the trial court did, in fact, consider the Appellants' evidence in reaching its decision to dismiss their case. Weighing the evidence is outside the contemplation of a Rule 12 motion and, thus, we cannot construe the trial

---

[3] Tennessee Rule of Civil Procedure 12.08 provides that a motion for failure to state a claim upon which relief can be granted is not waived by failure to raise such defense in a pre-answer motion (i.e., a motion for judgment on the pleadings). Instead, the Rule provides that a motion to dismiss for failure to state a claim "may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings **or at the trial on the merits**." Tenn. R. Civ. P. 12.08 (emphasis added). As explained 5 Nancy F. MacLean & Matthew J. MacLean, Tennessee Practice: Civil Procedure Forms §12:21 (2013):

> The motion may be made prior to answer under Rule 12.02. However, the defense may be inserted in the answer, or may be made by motion for judgment on the pleadings, or by motion at the trial. Under Rule 12.07 and Rule 12.08, the defense is not waived by failure to assert it prior to trial. However, when the defense is asserted prior to answer, the waivable defenses under Rule 12.02 must be asserted or they are waived. The defense may be noticed by the court on its own motion.

Accordingly, simply because the motion was made at trial does not, *ipso facto*, lead to the conclusion that the motion was not a Rule 12 motion to dismiss.

court's disposition of the case as the grant of a motion to dismiss. *See Wolcotts*, 807 S.W.2d at 710.

In contrast to the language in the trial court's order, the Appellants' undisputed Statement of the Evidence indicates that Appellee's attorney "made a motion for directed verdict at the close of the petitioner's proof, which was granted by the Court." Motions for directed verdict, which are governed by Tennessee Rule of Civil Procedure 50, and motions for involuntary dismissal, which are governed by Tennessee Rule of Civil Procedure 41.02, are often confused. As succinctly explained by Judge (now Justice) Koch in the case of *Burton v. Warren Farmers Co-op.*, 129 S.W.3d 513 (Tenn. Ct. App., 2002):

> A Tenn. R. Civ. P. 41.02(2) motion for involuntary dismissal differs markedly from a Tenn. R. Civ. P. 50 motion for a directed verdict. The most obvious, yet most overlooked, difference is that motions for directed verdicts have no place in bench trials, while Tenn. R. Civ. P. 41.02(2) motions have no place in jury trials. *Cunningham v. Shelton Sec. Serv., Inc.*, 46 S.W.3d 131, 135 n. 1 (Tenn. 2001); *City of Columbia v. C.F.W. Constr. Co.*, 557 S.W.2d 734, 740 (Tenn. 1977); *Scott v. Pulley*, 705 S.W.2d 666, 672 (Tenn. Ct. App. 1985). Beyond this obvious procedural difference, motions for involuntary dismissal serve a different purpose than motions for directed verdict and require the courts to employ a substantially different method of analysis.
>
> A Tenn. R. Civ. P. 50 motion for directed verdict provides a vehicle for deciding questions of law. The question presented is whether the plaintiff has presented sufficient evidence to create an issue of fact for the jury to decide. *Spann v. Abraham*, 36 S.W.3d 452, 462 (Tenn. Ct. App. 1999); *Ingram v. Earthman*, 993 S.W.2d 611, 626 (Tenn. Ct. App. 1998). The courts do not weigh the evidence when they answer this question, *Conatser v. Clarksville Coca–Cola Bottling Co.*, 920 S.W.2d 646, 647 (Tenn. 1995), nor do they evaluate the credibility of the witnesses. *Richardson v. Miller*, 44 S.W.3d 1, 30 (Tenn. Ct. App. 2000). Rather, they review the evidence in the light most favorable to the non-moving party, give the non-moving party the benefit of all reasonable inferences, and disregard all the evidence contrary to the non-moving party's position. *Alexander v. Armentrout*, 24 S.W.3d 267, 271 (Tenn. 2000); *Addaman v. Lanford*, 46 S.W.3d 199, 203 (Tenn. Ct.

App. 2000).

\*                          \*                          \*

> Motions for involuntary dismissal pursuant to Tenn. R. Civ. P.
> 41.02(2) require the courts to engage in an entirely different
> analysis. These motions do not raise questions of law but rather
> challenge the sufficiency of the plaintiff's proof. ***Smith v.
> Inman Realty Co.***, 846 S.W.2d 819, 821 (Tenn. Ct. App.
> 1992); ***Merriman v. Smith***, 599 S.W.2d 548, 560 (Tenn. Ct.
> App. 1979). A claim may be dismissed pursuant to a Tenn. R.
> Civ. P. 41.02(2) motion to dismiss if, based on the law and the
> evidence, the plaintiff has failed to demonstrate a right to the
> relief it is seeking. ***City of Columbia v. C.F.W. Constr. Co.***, 557
> S.W.2d at 740. Motions under Tenn. R. Civ. P. 41.02(2) require
> less certainty than motions for directed verdict. ***Smith v. Inman
> Realty Co.***, 846 S.W.2d at 822.

***Id.*** at 520.  Accordingly, despite the nomenclature assigned in the Statement of the Evidence, the Appellee's motion was not a motion for directed verdict as it was made during a bench trial and not in a jury trial.

As noted above, despite the trial court's order, stating that it granted Appellee's "motion to dismiss," it appears from the Statement of the Evidence that the trial court may have weighed, or at least considered, the Appellants' proof in reaching its decision. Accordingly, we must construe the disposition in this case as a grant of a motion for involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02(2); which provides:

> (2) After the plaintiff in an action tried by the court without a
> jury has completed the presentation of plaintiff's evidence, the
> defendant, without waiving the right to offer evidence in the
> event the motion is not granted, may move for dismissal on the
> ground that upon the facts and the law the plaintiff has shown no
> right to relief. The court shall reserve ruling until all parties
> alleging fault against any other party have presented their
> respective proof-in-chief. The court as trier of the facts may then
> determine them and render judgment against the plaintiff or may
> decline to render any judgment until the close of all the
> evidence. If the court grants the motion for involuntary

dismissal, the court shall find the facts specially and shall state separately its conclusion of law and direct the entry of the appropriate judgment.

The standard applicable to Rule 41.02(2) motions was very recently discussed by our Supreme Court in the case of ***Shore v. Maple Lane Farms, L.L.C***., --- S.W.3d ----, No. E2011-00158-SC-R11-CV, 2013 WL 4428904 (Tenn. Aug. 19, 2013), wherein the Court stated:

> A complaint may be dismissed pursuant to Tenn. R. Civ. P. 41.02(2) if, based on the law and the evidence, the plaintiff failed to demonstrate a right to the relief sought. ***City of Columbia v. C.F. W. Constr. Co.***, 557 S.W.2d 734, 740 (Tenn.1977). A trial court entertaining a motion for involuntary dismissal under Tenn. R. Civ. P. 41.02(2) must impartially weigh and evaluate the evidence just as it would after all the parties had presented their evidence. ***Building Materials Corp. v. Britt***, 211 S.W.3d 706, 711 (Tenn.2007) (citing ***City of Columbia v. C.F.W. Constr. Co.***, 557 S.W.2d at 740). The court may dismiss the plaintiff's claim if the plaintiff has failed to make out a prima facie case. ***Building Materials Corp. v. Britt***, 211 S.W.3d at 711; ***Smith v. Inman Realty Co.***, 846 S.W.2d 819, 822 (Tenn. Ct. App.1992). If the trial court grants a motion for involuntary dismissal, Tenn. R. Civ. P. 41.02(2) requires the court to "find the facts specially and ... state separately its conclusions of law."
>
> Appellate courts review a trial court's decision to grant an involuntary dismissal in accordance with Tenn. R. App. P. 13(d). ***Building Materials Corp. v. Britt***, 211 S.W.3d at 711; ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 653 (Tenn. Ct. App.1988). Accordingly, we must review the record de novo, presuming that the trial court's factual findings are correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Burton v. Warren Farmers Coop.***, 129 S.W.3d 513, 521 (Tenn. Ct. App. 2002). If the trial court has not made a specific finding on a particular matter, we review the record to determine where the preponderance of the evidence lies without employing a presumption of correctness. ***Hickman v. Continental Baking Co.***, 143 S.W.3d 72, 75 (Tenn. 2004); ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn.1997).

*Id*. at \*5.

In the instant case, we are unable to conduct any meaningful review of the trial court's grant of the involuntary dismissal because the trial court's order does not "find the facts specially and ... state separately its conclusions of law" as required by Tennessee Rule of Civil Procedure 41.02(2). Generally, the appropriate remedy when a trial court fails to make required findings of fact and conclusions of law is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law." *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at \*1 (Tenn. Ct. App. June 9, 2011). However, this Court has previously held that when faced with a trial court's failure to make specific findings, the appellate courts may "soldier on" when the case involves only a clear legal issue, *Burse v. Hicks*, No. W2007-02848-COA-R3-CV, 2008 WL 4414718, at \*2 (Tenn. Ct. App. Sept. 30, 2008), or when the court's decision is "readily ascertainable." *Burgess v. Kone, Inc.*, No. M2007-0259-COA-R3-CV, 2008 WL 2796409, at \*2 (Tenn. Ct. App. July 18, 2008). Unfortunately, this is not one of those cases. As noted above, the record does not contain a transcript of the trial court's ruling on the motion from the bench. Accordingly, we cannot glean the court's reasoning from what occurred at the hearing. Likewise, the statement of the evidence does not provide sufficient information from which we can determine the trial court's reasoning in this case. Accordingly, we vacate the trial court's order and pretermit the remaining issues.

For the foregoing reasons, we vacate the order of the trial court and remand to the trial court for it to make the findings of fact and conclusions of law required by Rule 41.02(2). Costs of the appeal are assessed to the Appellants and their surety, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE