# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 30, 2014 Session

### FEDERAL NATIONAL MORTGAGE ASSOCIATION ET AL. v. LAKISHA SIMMONS ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C225    Thomas W. Brothers, Judge**
_____

**No. M2013-00945-COA-R3-CV - Filed September 23, 2014**
_____

A husband and wife signed a promissory note, which was secured by a deed of trust, to finance the purchase of a home. Following a default and foreclosure sale, the new owner filed a detainer action in an effort to evict the couple from the property. The wife filed a counterclaim and third-party complaint, which the husband subsequently joined, seeking to invalidate the sale and remain in possession of the home. Among other reasons, the trial court dismissed the counterclaim/third-party complaint on res judicata grounds because the couple had previously filed similar lawsuits that were dismissed with prejudice. The husband appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Christopher Bernard Simmons, Nashville, Tennessee, appellant, Pro Se.

Lauren Paxton Roberts and Paul Allen England, Nashville, Tennessee, for the appellees Federal National Mortgage Association and Mortgage Electronic Registration Systems, Inc.

# MEMORANDUM OPINION[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Lakisha and Christopher Bernard Simmons obtained a loan in the principal amount of $201,980 on June 29, 2006, from Countrywide Home Loans, Inc. ("Countrywide") to finance the purchase of a home located in Nashville, Tennessee. The Simmonses signed a promissory note in which they agreed to make principal and interest payments each month until the loan was paid in full. The note specified that it could be transferred to a third party, which the note defined as the "Note Holder." The Simmonses were obligated to make monthly payments to either Countrywide or the transferee/Note Holder. The Simmonses also signed a Deed of Trust ("DOT") to secure repayment of the loan. The DOT named Mortgage Electronic Registration Systems, Inc. ("MERS") beneficiary as the nominee for Countrywide and Countrywide's successors and assigns. Like the note, the DOT provided that it could be transferred to a third party, which would have the same rights as MERS.

Following their default, Mr. and Mrs. Simmons filed a complaint in state court in 2009 seeking to enjoin foreclosure on their residence.[2] The Simmonses named as defendants Countrywide, Bank of America Home Loans, BAC Home Loans Servicing, L.P., and John Doe 1 through 10. In addition to seeking injunctive relief, Mr. and Mrs. Simmons alleged state and federal causes of action including breach of contract and violations of State and federal constitutions, the Fair Debt Collections Practices Act, and the Uniform Commercial Code. The defendants removed the case to federal court and then filed a motion to dismiss based on the Simmonses' failure to state a claim for which relief could be granted, among other grounds.

The federal district court granted the defendants' motion to dismiss in April 2010. In doing so, the court adopted the reasoning found in the Report and Recommendation of the

---

[1] Rule 10 of the Rules of the Court of Appeals states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The proceedings before the United States District Court for the Middle District of Tennessee indicate Mr. and Mrs. Simmons together filed two separate actions in 2009 utilizing identical complaints and that both cases were dismissed after they were removed to federal court. Based upon the record, we limit our discussion to only one of the 2009 cases.

magistrate judge:

>As Defendants properly argue, the Amended Complaint lacks factual allegations respecting the material elements of Plaintiffs' breach of contract claims. Plaintiffs fail to allege which provisions of the Loan Agreement were breached by Defendants, or how those provisions were breached, and Plaintiffs do not provide any facts to support their legal conclusion.

>Likewise, Plaintiffs' fraud claim is stated simply as a legal conclusion, without any supporting facts. Additionally, as Defendants properly argue, Fed. R. Civ. P. 9(b) requires a party alleging fraud to state with particularity the circumstances constituting fraud . . . .

>Finally, Plaintiffs assert a claim for "money had and received," but, again, Plaintiffs have provided no factual support for such a legal conclusion. This claim . . . appears to the Court essentially to be a fraud claim.

>For the foregoing reasons, the undersigned recommends that Defendants' "Motion to Dismiss" . . . be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

In March 2011, Mrs. Simmons filed a second complaint in another attempt to avoid foreclosure and to invalidate the loan. The second complaint named Countrywide, Bank of America Corporation, BAC Home Loans Servicing, L.P., Nationwide Trustee Services, Inc., and John Doe 1 through 10 as defendants. Mrs. Simmons asserted breach of contract and sought injunctive relief, similar to the earlier complaint. As before, the defendants removed the lawsuit to federal court and filed motions to dismiss.

The federal district court dismissed the second suit in March 2012. In the Report and Recommendation related to the motion to dismiss filed by Countrywide, Bank of America Corporation, and BAC Home Loans Servicing, L.P., which the court approved and adopted in its order of dismissal, the magistrate judge wrote:

>As Defendants argue, while it is unclear from the face of her initial pleading, it appears that Plaintiff seeks to invalidate her obligations under her mortgage . . . . Plaintiff has attached to her Amended Complaint a Promissory Note for the loan, dated June 29, 2006, in the amount of $201,980, and a Deed of Trust for the property . . . to secure the Note.

>As Defendants correctly argue, Plaintiff and her husband, Chris

Simmons, filed two lawsuits in the Chancery Court for Davidson County, Tennessee, in June 2009, attempting to invalidate the same loan at issue in the current action. Plaintiffs sued, *inter alia*, Countrywide Home Loans and BAC Home Loans Servicing. Those two actions, which were identical, were removed to this Court . . . . Plaintiffs appealed both dismissals to the Sixth Circuit, but both appeals were dismissed for want of prosecution . . . .

Four elements must be present for the doctrine of *res judicata* to bar a subsequent lawsuit: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action . . . . All four elements are clearly present in the case at bar with regard to Defendants Countrywide Home Loans and BAC Home Loans Servicing.

The court also dismissed the claims against Bank of America Corporation on res judicata grounds. Although Bank of America Corporation was not a party to the prior lawsuit, the court found Bank of America Corporation in privity with Countrywide and BAC Home Loans Servicing, L.P., for res judicata purposes.

## II. CURRENT LITIGATION

Despite the Simmonses' attempts to prevent the foreclosure on their residence, their home was foreclosed upon in March 2011. BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P., purchased the property at foreclosure, but Nationwide Trustee Service, Inc., as substitute trustee, transferred the property to Federal National Mortgage Association ("Fannie Mae"), which was identified as the assignee of the interests of BAC Home Loans Servicing, L.P.

In April 2011, Fannie Mae filed a Detainer Warrant in general sessions court in an effort to evict Mr. and Mrs. Simmons from the property. Mr. and Mrs. Simmons each filed a motion to dismiss the Detainer Warrant, and Mrs. Simmons filed what she titled a Counter-Complaint in October 2012, naming both Fannie Mae and MERS as defendants.[3]

In her counterclaim/third-party complaint, Mrs. Simmons asserted various causes of action in a third attempt to invalidate the 2006 loan made by Countrywide and remain in her home. Specifically, Mrs. Simmons alleged Fannie Mae and MERS violated the False Claims Act and were liable for criminal impersonation and fraudulent concealment. Although the

---

[3] MERS was actually a third-party defendant.

4

claims arose in connection with the note and DOT, the counterclaim/third-party complaint did not reference or mention the earlier litigation that was dismissed by the federal district court. Mr. Simmons joined Mrs. Simmons as a counter/third-party plaintiff in December 2012.[4]

Fannie Mae and MERS filed a motion to remove the case from general sessions to circuit court, which the general sessions court granted on January 14, 2013. Fannie Mae and MERS then moved to dismiss the counterclaim/third-party complaint under Tennessee Rule of Civil Procedure 12 based on several grounds, including res judicata. In support of their motion, Fannie Mae and MERS attached copies of the note, DOT, and pertinent pleadings and orders from the federal district court litigation. In their response to the motion to dismiss, Mr. and Mrs. Simmons filed a motion to strike, a motion to stay proceedings pending the outcome of an appeal of the dismissal of her March 2011 action, and an objection, which included various exhibits.

The circuit court dismissed the counterclaim/third-party complaint by order entered on March 11, 2013. For grounds, the circuit court relied upon the arguments asserted in the motion to dismiss, including failure to state a claim and insufficiency of service of process on MERS. With respect to res judicata, the court stated as follows:

> The Court finds that counter-defendants' motion to dismiss the counter-claim third-party complaint against them is well taken. Specifically, the Court finds that it is appropriate to dismiss this case on the basis of *res judicata* in light of the dismissal by the Middle District of Tennessee of the previous 2009 cases by Lakisha and Chris Simmons against Countrywide Home Loans and BAC Home Loans Servicing and the dismissal of those claims with prejudice.

The circuit court also certified its order dismissing the counterclaim/third-party complaint with prejudice as final under Tennessee Rule of Civil Procedure 54.02.

Mr. Simmons appeals the dismissal of the counterclaim/third-party complaint.

---

[4] The Simmonses filed "Defendants' Motion for Leave of the Court to Amend Motion to Dismiss and Amended Countercomplaint" on December 11, 2012. The stated purpose of the motion was "to formally add Chris Simmons to the heading of the above styled case . . . ." Mr. Simmons had not previously been a party to earlier filed counterclaims or motions to dismiss. Attached to the motion was "Defendants' 3rd Amended Motion to Dismiss and Requirement to File an Objection and Amended Counter Complaint." Although the record before us does not indicate whether the motion to amend was granted, we treat the "Defendants' 3rd Amended Motion to Dismiss and Requirement to File an Objection and Amended Counter Complaint" as the pleading before us on appeal.

## III. ANALYSIS

## A. Res Judicata

As a preliminary matter, we first consider whether the trial court's dismissal of Mr. Simmons's claims should be reviewed as a grant of a motion to dismiss pursuant to Rule 12 or as a grant of summary judgment pursuant to Rule 56. Tennessee Rule of Civil Procedure 12.02 provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tenn. R. Civ. P. 12.02. In the trial court, Fannie Mae and MERS argued that the court could consider the pleadings and orders entered in the previous litigation without converting their motion to dismiss to a motion for summary judgment. We respectfully disagree.

Res judicata is an affirmative defense that must be included in an answer. Tenn. R. Civ. P. 8.03. Our Supreme Court has indicated that res judicata may be raised in the context of a motion to dismiss for failure to state a claim upon which relief can be granted only in specific circumstances:

> For a Tenn. R. Civ. P. 12.02(6) motion to be used as a vehicle to assert an affirmative defense, the applicability of the defense must "clearly and unequivocally appear[ ] on the face of the complaint." In other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief.

*Jackson v. Smith*, 387 S.W.3d 486, 491-92 (Tenn. 2012) (internal citations omitted). As in *Jackson v. Smith*, 387 S.W.3d 486 (Tenn. 2012), the counterclaim/third-party complaint makes no reference to the prior litigation. *See id.* at 492. Unlike *Jackson*, however, the Simmonses' response to the motion to dismiss does not acknowledge the existence of the prior federal court litigation or the res judicata effect of the federal district court's order. *See id.* at 492-93. The objection filed by the Simmonses to the motion to dismiss does make reference to the appeal pending before the United States Court of Appeals for the Sixth Circuit, but we find that reference insufficient to permit res judicata to be raised in the context of a motion to dismiss for failure to state a claim.

6

When a motion to dismiss is converted to a motion for summary judgment, courts must use care not to violate the non-moving party's right to both fair notice and a reasonable opportunity to "set forth specific facts showing that there is a genuine issue for trial." *See* Tenn. R. Civ. Pro. 56.06. In this case, we find that the trial court did so by considering "the pleadings as a whole." Mr. Simmons took the opportunity in his responses to the motion to dismiss and at the hearing on the motion to dismiss to submit documentation beyond that which he included in the counterclaim/third-party complaint.

Having determined that the dismissal on res judicata grounds should be reviewed as a grant of summary judgment, our review is de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). Because our inquiry involves purely a question of law, our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the non-moving party and resolve all factual inferences in the non-moving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998).

"The doctrine of *res judicata*[,] or claim preclusion[,] bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson*, 387 S.W.3d at 491 (citing *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (further citations omitted)). "[*Res judicata*] is a 'rule of rest,' *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." *Jackson*, 387 S.W.3d at 491 (citing *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)). To prevail on the grounds of res judicata, a party must establish the following:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Jackson*, 387 S.W.3d at 491 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)).

The doctrine of res judicata bars a litigant from asserting in a later lawsuit all issues "which were or could have been litigated" in the earlier lawsuit. *Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (quoting *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003)). Thus, a litigant is precluded from filing lawsuit after lawsuit against the same parties, or those in privity with those parties, when the underlying facts at issue are the same but the causes of action are changed, in an effort to find a court that will rule in the litigant's favor.

Mr. Simmons challenges the trial court's ruling that his counterclaim/third-party complaint is barred by res judicata by arguing that MERS and Fannie Mae are not the same parties or in privity with any parties from the earlier actions. Mr. Simmons also contends new evidence was available in the most recent lawsuit that was not formerly available. Neither of Mr. Simmons's arguments convinces us that the trial court erred in dismissing the counterclaim/third-party complaint.

Parties are in privity, for purposes of res judicata, if they share the same interest in the subject matter of a lawsuit. *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000). "Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights." *Id*. (citations omitted). MERS is identified in the DOT as "a nominee for Lender and Lender's successors and assigns." Moreover, the DOT specifies that "MERS is the beneficiary under this Security Instrument." By virtue of the DOT, MERS (1) had an interest in the Simmonses' real property; and (2) shared the same interests as some of the defendants named in the earlier lawsuits by which the Simmonses sought to invalidate the 2006 loan and remain in their home. Therefore, MERS is in privity with the parties to the earlier lawsuits that were dismissed. Fannie Mae is in privity with BAC Home Loans Servicing, L.P., which entity the Simmonses named as a defendant in both of their earlier lawsuits, because BAC Home Loans Servicing, L.P. assigned its interests in the property formerly owned by the Simmonses to Fannie Mae in March 2011.

Mr. Simmons contends he has newly discovered evidence that brings into question the validity of the initial loan. Courts generally recognize newly discovered facts as an exception to the res judicata doctrine only in limited circumstances:

An action that merely alleges new facts in support of a claim that has gone to judgment in previous litigation will be subject to claim preclusion. Of course, if the new facts establish a new claim separate and distinct from the previous claim, then claim preclusion has no applicability. Also, newly occurring facts, as opposed to newly discovered facts, might be a basis for direct attack on the prior judgment. Allegations of specific new events and circumstances, even if based on the same causes of action as the prior complaint, can still form a

8

separate claim, provided that the new events as well as the language and structure of the new complaint are sufficiently distinct from the prior action.

18 James Wm. Moore et al., Moore Federal Practice § 131.21 (3d ed. 2014) (footnotes omitted).

Mr. Simmons's contention that res judicata is inapplicable due to newly discovered evidence is founded upon a "Mortgage Document Examination & Investigative Report" performed on August 9, 2010, and the alleged failure of Fannie Mae and MERS to respond to certain notices provided by Mr. Simmons. However, we see nothing in the document examination and investigative report that could not have been discovered with ordinary diligence prior to or in the course of the prior litigation. As for the alleged failure of Fannie Mae and MERS to provide responses to certain notices, we do not see how any such failure would support a direct attack on the dismissal of his prior action, and Mr. Simmons did not use the lack of responses as the basis for a separate claim in this action.

### B. Failure to State A Claim

Although we find the doctrine of res judicata to be a complete bar to the claims raised by Mr. Simmons in the counterclaim/third-party complaint, the trial court also found that the counterclaim/third-party complaint failed to state a claim upon which relief can be granted under Rule 12.02(6). A Rule 12.02(6) motion tests "only the sufficiency of the complaint, not the strength of a plaintiff's proof." *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). Consequently, the motion requires examination of the complaint alone. *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). Our supreme court has stated the following:

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." In making this judgment, the court should construe the complaint liberally in favor of the plaintiff.

*Fuerst v. Methodist Hosp. S.*, 566 S.W.2d 847, 848-49 (Tenn. 1978) (citations omitted). However, the court has no duty "to create a claim that the pleader does not spell out in his complaint." *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977).

Mr. Simmons alleges four causes of action. Even construing the allegations of the counterclaim/third-party complaint liberally, with the exception of the claim to quiet title, the facts alleged either do not support the causes of action or preclude relief. The first cause of

action alleged by Mr. Simmons is a violation of the False Claims Act. Mr. Simmons makes no allegation that the funds of the state or a political subdivision are involved, which is a necessary requisite for a private right of action. *See* Tenn. Code Ann. § 4-18-104(c)(1) (2011). Mr. Simmons also claims a violation of the criminal impersonation statute, Tennessee Code Annotated section 39-16-301, but fails to allege how the statute may be applicable beyond claiming that Fannie Mae is falsely claiming to be a lender. Even assuming for the sake of argument that impersonating a lender is a "false identity" that falls within the criminal impersonation statute, the statute does not by its terms create a private right of action.

Mr. Simmons has also failed to state a claim of fraudulent concealment. Allegations of fraud must be stated with particularity. Tenn. R. Civ. P. 9.02. For concealment or nondisclosure to constitute fraud, the party charged with fraud must have had knowledge of an existing fact or condition and a duty to disclose the fact or condition. *Hill v. John Banks Buick, Inc*., 875 S.W.2d 667, 670 (Tenn. Ct. App. 1993). Although Mr. Simmons alleges that Fannie Mae and MERS failed to disclose various specific facts, there was no corresponding duty to disclose the facts referenced. Furthermore, it appears from the allegations of the counterclaim/third-party complaint that the claim is largely barred by the applicable statute of limitations. Tenn. Code Ann. § 28-3-105 (Supp. 2014); *Keller v. Colgems - EMI Music, Inc*., 924 S.W.2d 357, 361 (Tenn. Ct. App. 1996).

We respectfully disagree with the trial court's conclusion that Mr. Simmons failed to allege a claim to quiet title. The counterclaim/third-party complaint alleges that the DOT is "a false and/or forged document causing a fraudulent lien on Defendants' real property" and that the Simmonses ownership interest in the property was superior to any interest claimed by Fannie Mae. Those allegations, along with the request for relief, should be sufficient to make out a claim for which relief can be granted. *See Stearns Coal & Lumber Co. v. Patton*, 184 S.W. 855, 857 (Tenn. 1916) ("'A simple statement that the instrument is void, or voidable, with the proper prayer, is sufficient.'").

Although we find that Mr. Simmons did state a claim to quiet title, as noted above, we nonetheless find the claim was properly dismissed based on res judicata. The "facts" on which Mr. Simmons bases his claim to quiet title are essentially the same as those asserted in the prior federal district court action, namely that the DOT is a void or voidable lien on his real property.

### C. Insufficiency of Service of Process

The trial court also dismissed the claims against MERS on the alternative ground of insufficiency of service of process. Mr. Simmons does not include adequacy of service of

process in his statement of issues.[5] Consequently, the issue is waived and not properly before us. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4).").

## IV. CONCLUSION

For the reasons set forth above, we affirm the trial court's judgment dismissing the counterclaim/third-party complaint with prejudice. Costs of this appeal shall be taxed to the appellant, Christopher Bernard Simmons, for which execution shall issue, if necessary.

_____
W. NEAL McBRAYER, JUDGE

---

[5] Mr. Simmons does include the following paragraph in his statement of facts:

> The General Sessions Court For State of Tennessee Davidson County provide no means by which to include a Summons to MERS. MERS is in receipt of the Counter-Complaint and is aware this action has taken place, as [counsel for MERS] accepted service for MERS by responding.

Even had the issue been properly presented, therefore, we would nonetheless affirm the trial court's dismissal of the third-party complaint on the grounds of insufficiency of service of process. *See* Tenn. R. Civ. P. 14.01 (a third-party action is initiated by "caus[ing] a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff . . . .").