Antonio SWEATT

v.

**TENNESSEE DEPARTMENT OF CORRECTION.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 2, 2002.

Permission to Appeal Denied by Supreme Court Oct. 7, 2002.

Antonio Sweatt, Nashville, Tennessee, Pro Se.

Paul Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark A. Hudson, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

An inmate sued the Department of Correction and three of its officials in forma pauperis, claiming that the defendants conspired to violate his constitutional rights by housing him in conditions where he was exposed to second-hand smoke. The trial court dismissed his complaint as barred by the doctrine of res judicata, declared it be frivolous, and enjoined him from filing any more claims because he failed to pay the court costs as required under the provisions of Tenn.Code. Ann. § 41–21–801, et seq. We affirm.

## I. Prior Cases

On December 13, 1990, Antonio Sweatt pled guilty to two counts of aggravated rape, and received an agreed sentence of 25 years in the Tennessee Department of Correction. He then began serving his sentence in the Lake County Correctional Center (now known as the Northwest Correctional Complex). On April 8, 1996, Mr. Sweatt filed the first of a series of petitions related to his medical condition to reach this court, *Sweatt v. Conley*, Appeal No. O1A–01–9706–CH–00247 (Tenn.Ct. App. Dec. 5, 1997).

Mr. Sweatt had been diagnosed with chronic sinusitis, and he claimed that inhaling second-hand cigarette smoke caused him to suffer nosebleeds, migraine headaches, and a swollen tongue. He further claimed that the defendants violated his constitutional rights by confining him to a cell with a smoker, that he filed numerous grievances, and that although he was ultimately transferred to the non-smoking guild, he was still forced to breathe second-hand smoke because the defendants allowed "active heavy smokers" to live in the non-smoking guild.

The trial court dismissed Mr. Sweatt's petition under Rule 12.02(6), Tenn. R. Civ. P., for failure to state a claim for which relief can be granted. On appeal, this court ruled that in accordance with Tenn. Code. Ann. § 20–4–101, venue did not lie in the Chancery Court of Davidson County, where he filed his petition, but rather in Lake County where the cause of action arose, or in the alternative, in the county where the defendants reside or can be found. We accordingly affirmed the dismissal, but held it to be without prejudice, so Mr. Sweatt could file his claim in a court where venue lies.

Mr. Sweatt subsequently filed a number of suits in state trial courts, six of which have reached the Court of Appeals, including the one presently before us. Four of those suits involved claims relating to exposure to second-hand smoke, or to the state's refusal to order corrective sinus surgery for the plaintiff. According to his affidavit, he also filed six suits in federal court, most of them based upon the same claims. Five of those suits were dismissed as frivolous.

## II. Proceedings in the Present Case

Mr. Sweatt filed the complaint in the present case on December 28, 1998, together with an affidavit of indigency. He stated that his claim was being brought under 42 U.S.C. §§ 1983, 1985 and 1986 for violation of his civil rights. He alleged that the defendants, Commissioner Campbell, Warden Rose, and Classification Director Cook had conspired together to transfer him from the Northwest Correctional Complex to the Turney Center, a facility that does not have a non-smoking section, and that the transfer was done in retaliation for his legal activities on behalf of himself and of other inmates. He also claimed that the defendants had violated his rights under the Eighth and Fourteenth Amendments, in that they had demonstrated a deliberate indifference to his serious medical needs by confining him to a prison cell with a cigarette smoker.

The defendants filed a Motion for Summary Judgment on the retaliation claim, on the ground of res judicata. The defendants noted that the plaintiff had earlier filed an action raising the same claim in U.S. District Court against the same defendants, that the District Court had dismissed the claim as frivolous, and that the U.S. Sixth Circuit Court of Appeals had affirmed the ruling.

On July 20, 2000, the trial court granted the defendants' Motion for Summary Judgment in the present case, and dismissed Mr. Sweatt's retaliation claim as frivolous. On November 27, 2000, the trial judge filed a Memorandum and Amended Order that explained and expanded her ruling. She noted that Mr. Sweatt had filed over 50 motions in this case between December 28, 1998 and July 20, 2000, and that he continued to file motions even after she entered a final order. She expressed frustration with his habit of filing numerous lawsuits in different courts, all based upon the same alleged facts. She declared that Mr. Sweatt's numerous invocations of the Civil Rights statutes were abusive of the very rights those statutes were designed to protect.

The trial judge also noted that the court costs associated with the present case amounted to over $1,500, and that under Tenn.Code. Ann. § 41–21–801, et seq., inmates who file malicious or frivolous claims in forma pauperis are barred from filing any further lawsuits until they have paid the costs that have accrued from those prior claims. She ordered that three pending cases that Mr. Sweatt had filed in the Davidson County courts be dismissed as malicious and frivolous, noting that "they are substantially similar to his previous claims filed, in that the current claims arise from the same operative facts" and ordered him to pay in full the costs of the present case and the other pending cases. This appeal followed.

## III. Res Judicata

Res judicata is a doctrine which bars a second suit between the same parties or their privies on the same cause of action, with respect to all the issues which were (or could have been) litigated in the former suit. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn.Ct.App.1998); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn.1995). Thus, when a court of competent jurisdiction has rendered a final judgment on a complaint, which does not grant one of the parties the relief he desires, that party is not entitled to submit a substantially similar complaint to a different court in hope of a better result.

Without res judicata, no judgment of a court would ever be final, for there would always be the possibility that a litigant could persuade another court to see matters differently and to reach a con-

clusion more favorable to his interests. One of the primary purposes of the doctrine is thus the promotion of finality in litigation. *See Moulton v. Ford Motor Co.,* 533 S.W.2d 295, 296 (Tenn.1976). Others are the prevention of inconsistent or contradictory judgments, the conservation of legal resources, and the protection of litigants from the cost and vexation of multiple lawsuits. *See Beaty v. McGraw,* 15 S.W.3d 819, 824 (Tenn.Ct.App.1998); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

The defendants' Motion for Summary Judgment was accompanied by a copy of the plaintiff's complaint in the United States District Court, a Memorandum and Order of that Court dismissing the complaint, and a subsequent opinion of the Sixth Circuit Court of Appeals dealing with the same case. The complaint indicates that it was filed on September 3, 1998, slightly less than four months prior to the filing of the complaint in the present case. The parties in the federal case were the same as in the present one, except that Isaac Herron (another inmate) was named as a plaintiff in addition to Mr. Sweatt, and Warden Fred Raney of the Northwest Correctional Complex was named as an additional defendant.

■ The facts alleged in the federal complaint in regard to Mr. Sweatt's claims were substantially the same as those alleged in the case at issue, and included the theories of retaliatory transfer in violation of the civil rights statutes, and deliberate indifference to Mr. Sweatt's medical needs in violation of the Eighth Amendment. The Memorandum and Opinion of the District Court dismissed the complaint in its entirety and declared it to be frivolous. In an opinion dated November 9, 1999, the Sixth Circuit Court of Appeals affirmed the District Court's dismissal of the civil rights retaliation claim and the finding

that it was frivolous. It accordingly appears to us that the trial court was correct in dismissing Mr. Sweatt's retaliation claim on the ground of res judicata.

The Sixth Circuit also stated, however, that Mr. Sweatt's Eighth Amendment claim was not frivolous, citing *Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) for the proposition that "a prisoner states a cause of action under the Eighth Amendment by alleging that the defendants, with deliberate indifference, have exposed him to levels of secondary smoke that pose an unreasonable risk of serious damage to his health." The federal appeals court accordingly vacated that portion of the district court's judgment, and remanded the case for further proceedings.

## IV. TENN.CODE. ANN. § 41–21–801, ET SEQ.

■ Our legislature enacted Tenn.Code. Ann. § 41–21–801 et seq. in 1996 to deal with the increasing volume of lawsuits filed by indigent inmates and financed by taxpayers. While not intended to prevent inmates from filing meritorious claims, these statutes are designed to discourage the filing of frivolous complaints. *Williams v. Bell,* 37 S.W.3d 477 (Tenn.Ct. App.2000).

Upon the filing of an affidavit of indigence, inmates are required to file a separate affidavit listing all the lawsuits they previously filed (whether filed while they were incarcerated or not), together with basic information as to each lawsuit, including the final result of the action, and whether it was dismissed as frivolous or malicious. Tenn.Code. Ann. § 41–21–805.

The courts are authorized to order an inmate who has filed a frivolous or malicious claim to pay filing fees, court costs and other expenses related to that claim, with payment of the obligation to be ac-

complished by regular and mandatory withdrawals from the inmate's trust account. Tenn.Code Ann. § 41–21–807. The filing of subsequent lawsuits is not permitted until all such expenses are paid. Tenn.Code Ann. § 41–21–812(a).

A recent amendment to Tenn.Code. Ann. § 41–21–807 [2001 Acts, c. 76, § 2, effective April 11, 2001], extends the requirement of payment of costs from an inmate's trust account to all claims filed by inmates in forma pauperis, not only those that have been dismissed as frivolous or malicious. The same Act bars the filing (with one limited exception) of *any* additional claims by inmates who have filed three or more complaints that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

■ Tenn.Code Ann. § 41–21–804(b) sets out the possible grounds for determining whether a claim is frivolous or malicious:

> ... the court may consider whether or not:
>
> (1) The claim has a chance of success;
>
> (2) The claim has a basis in law and in fact; and
>
> (3) The claim is substantially similar to a previous claim filed by the inmate in that the present claim arises from the same operative facts.

It appears to us that Mr. Sweatt's previous filing of a claim in federal court, based upon the same facts and the same theories as his claim in state court, forms a sufficient basis for the dismissal of the claim before us as frivolous or malicious. We thus affirm the trial court's judgment of dismissal. While we are mindful that Mr. Sweatt may still have a viable Eighth Amendment Claim in federal court, our decision does not affect that claim. Rather, we believe that it reduces the possibility of inconsistent or contradictory judgments.

It also appears to us that the trial court was entitled under Tenn.Code Ann. § 41–21–807 to order the payment of the costs accrued in this case, and under Tenn.Code Ann. § 41–21–812(a) to bar Mr. Sweatt from filing any more lawsuits until all such expenses are paid. As for the three pending lawsuits dismissed by the trial court, there is no information in the record that would enable us to either affirm or reverse the dismissal of those cases as malicious or frivolous.

## V.

We affirm the judgment of the trial court. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Antonio Sweatt.