IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 15, 2015 Session

## RUSSELL H. HIPPE, JR. V. MILLER & MARTIN, PLLC

**Appeal from the Chancery Court for Davidson County**
**No. 1421I     Claudia Bonnyman, Chancellor**

_____

**No. M2014-01184-COA-R3-CV – Filed May 12, 2015**

_____

A former member of a law firm filed a complaint against the law firm in 2009 alleging breach of contract. The trial court dismissed the complaint because it was filed after the statute of limitations had run. The individual member filed another complaint in 2014, alleging a breach of the same contract. The law firm moved to dismiss the 2014 complaint on the basis that it was barred by res judicata. The trial court agreed and dismissed the 2014 complaint. The individual appealed the trial court's dismissal, and we affirm. We find the appeal is frivolous and grant the law firm's request for an award of its attorneys' fees and expenses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Russell H. Hippe, Jr., Nashville, Tennessee, Pro Se.

John P. Branham, Nashville, Tennessee; William P. Eiselstein and Lynzi J. Archibald, Chattanooga, Tennessee; for the appellee, Miller & Martin, PLLC.

## OPINION

### PROCEDURAL BACKGROUND

Russell L. Hippe, Jr., is a lawyer who used to be a member of the law firm Trabue, Sturdivant & DeWitt. In 1988, he executed a partnership agreement that addressed, *inter alia*, retirement benefits. Miller & Martin, PLLC ("M&M") is the successor by merger to the Trabue firm. In January 2009, Mr. Hippe filed a complaint against M&M alleging

M&M was in breach of a contract that Mr. Hippe asserted entitled him to retirement benefits. Mr. Hippe amended his complaint two months later, in March 2009. M&M filed a motion to dismiss both the initial complaint and the amended complaint, and the trial court dismissed Mr. Hippe's complaint in May 2009 after finding that his cause of action was barred by the statute of limitations. Mr. Hippe appealed the trial court's dismissal to this Court, and we affirmed the trial court's dismissal in January 2010. *See Hippe v. Miller & Martin, PLLC*, No. M2009-01917-COA-R3-CV, 2010 WL 334642, *perm. app. denied* (Aug. 25, 2010).

In January 2014, five years after filing his initial complaint, Mr. Hippe filed another complaint against M&M, again alleging a breach of the same contract. M&M filed a motion for summary judgment pursuant to Tenn. R. Civ. P. 56.02, arguing that Mr. Hippe's 2014 complaint was barred by the doctrine of res judicata. Mr. Hippe opposed M&M's motion and filed his own motion for summary judgment. The trial court granted M&M's motion and denied Mr. Hippe's motion. The court wrote, in pertinent part:

> The same parties were involved in both Plaintiff's 2009 Claim and the Current Claim. The same claim or cause of action was asserted in both Plaintiff's 2009 Claim and the Current Claim. Finally, contrary to Plaintiff's argument, this Court's dismissal of Plaintiff's 2009 Claim was final and on the merits.
>
> The rule of res judicata is applicable to former judgments which determined the question of statute of limitations. Unless the court in its order for dismissal otherwise specifies, a dismissal operates as an adjudication upon the merits. Additionally, a judgment on the merits is final if it resolves all the issues in the case, leaving nothing else for the trial court to do. This Court's Order dismissing Plaintiff's 2009 Claim 1) determined the question of statute of limitations, 2) contained no language to suggest that its judgment was not on the merits, and 3) dismissed Plaintiff's 2009 Claim in its entirety. Therefore, this Court's dismissal of Plaintiff's 2009 Claim constitutes a final judgment on the merits. (Citations and quotations omitted.)
>
> . . . .
>
> The Court reviewed the trial court order from the first *Hippe v. Miller & Martin, PLLC* case, dismissed pursuant to Rule 12.02(6), based upon failure to state a claim, because the statute of limitations had run. The trial court order was entered "with prejudice." A trial court judgment granting a Rule 12.02(6) dismissal is a judgment on the merits for res judicata purposes.

Mr. Hippe appeals the trial court's judgment granting M&M's motion for summary judgment. He contends that the dismissal of his 2009 complaint was not a dismissal of his cause of action, and that the doctrine of res judicata, therefore, does not apply to the complaint he filed in 2014. M&M argues that Mr. Hippe's appeal is frivolous and seeks damages pursuant to Tenn. Code Ann. § 27-1-122.

ANALYSIS

The trial court's decision granting M&M's motion for summary judgment involves a question of law and is not entitled to a presumption of correctness on appeal. *King v. Betts*, 354 S.W.3d 691, 711 (Tenn. 2011). The reviewing court must make its own determination about whether M&M is entitled to summary judgment based on an independent review of the record. *Id.*

The doctrine of res judicata has been described thusly:

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). The party asserting res judicata, M&M here, is required to show (1) that a court of competent jurisdiction issued the underlying judgment; (2) that the same parties (or those in privity with them) were involved in both actions; (3) that both suits involved the same claim or cause of action; and (4) that the underlying judgment was final and was decided on the merits. *Id.* (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)).

Mr. Hippe contests only the fourth element of res judicata—whether the underlying judgment was final and was decided on the merits. Mr. Hippe's argument, however, is not supported by the case law. The Tennessee Supreme Court has explicitly stated that "any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party 'operates as an adjudication upon the merits,' unless the trial court specifies otherwise in its order for dismissal." *Creech v.*

3

*Addington*, 281 S.W.3d 363, 378 (Tenn. 2009) (quoting Tenn. R. Civ. P. 41.02(3)).[1] Thus, the *Creech* Court found, "an order granting a motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) is an adjudication on the merits." *Id.* (citing *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001)).

The basis for M&M's motion to dismiss Mr. Hippe's amended complaint in 2009 was Tenn. R. Civ. P. 12.02(6), which is the failure to state a claim for which relief can be granted. The trial court granted M&M's motion in 2009, stating "The Court . . . dismisses Plaintiff's breach of contract claim because it is barred by the statute of limitations." There is no question that the dismissal of Mr. Hippe's 2009 complaint was a final decision and was an adjudication upon the merits. *See Grigsby v. City of Plainview*, No. E2006-02269-COA-R3-CV, 2007 WL 3171134, at *4 (Tenn. Ct. App. Oct. 30, 2007) ("[t]he rule of res judicata is applicable to former judgments which determined the question of statute of limitations") (quoting *Porter v. Daniels*, No. 88-276-II, 1989 WL 14219, at *3 (Tenn. Ct. App. Feb. 22, 1989)).

Mr. Hippe also argues that when M&M filed its motion to dismiss his 2009 complaint, "[t]he only relief that Defendant requested in this Motion was the dismissal of the complaint; the Defendant did not request a dismissal of the cause of action." This argument is difficult to understand because the purpose of a complaint is to set forth one or more causes of action. Mr. Hippe fails to explain what it means for a court to dismiss a complaint if the dismissal is not of the plaintiff's cause(s) of action set forth in the complaint. This argument by Mr. Hippe has no merit.

M&M seeks an award of its attorneys' fees and expenses on the basis that this appeal by Mr. Hippe is frivolous. A frivolous appeal has been described as one that is "devoid of merit" and that "has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003). Appellate courts are authorized by statute to award damages against an appellant when an appellee is required to defend a frivolous appeal:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on

---

[1]Tennessee Rule of Civil Procedure 41.02(3) provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.

This appeal is devoid of merit and had no reasonable chance of success. Accordingly, we exercise our discretion to award M&M the reasonable attorneys' fees and expenses it incurred on appeal, which amount shall be determined by the trial court upon remand.

## CONCLUSION

We affirm the trial court's judgment. The case is remanded to the trial court for a determination of M&M's reasonable attorneys' fees and expenses, which shall be awarded against Mr. Hippe. Costs of this appeal are assessed against the appellant, Russell H. Hippe, Jr., for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE