# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 25, 2015 Session

## PATRICIA ROSS v. ROBERT T. STOOKSBURY, JR.

**Appeal from the Chancery Court for Blount County**
**No. 2012-057     David R. Duggan, Judge**

---

### No. E2014-01219-COA-R3-CV-FILED-JULY 31, 2015

---

Robert T. Stooksbury, Jr. (the creditor) obtained a judgment in federal district court against, among others, Rebecca Ross Jordan, the daughter of Patricia Ross, the plaintiff in the case now before us. The creditor then attempted, in federal court, to garnish the funds in three bank accounts[1] jointly held by Jordan and plaintiff. Plaintiff argued to the federal court that the funds should not be subject to garnishment because, according to her, they were solely owned by plaintiff. The federal district court, applying Tenn. Code Ann. § 45-2-703(a) (2007), held that the "applicable statutory authority directs that the moneys deposited into the account[s] owned by both Ms. Ross and Ms. Rebecca Ross Jordan are subject to the claims of creditors of either depositor . . ." and, consequently, the federal court allowed execution on and garnishment of the funds. The federal court later ordered, without objection by plaintiff, disbursement of the funds to the creditor. Plaintiff then brought this action under Tenn. Code Ann. § 45-2-703(a), which provides in pertinent part that "any other depositor not indebted to the creditor may, by commencing a separate action against the creditor, establish the rights that the depositor may have in the funds." The creditor in the case now before us filed a motion to dismiss on the ground that plaintiff's claim was barred by the doctrine of res judicata. The trial court agreed and dismissed plaintiff's action. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Christopher J. Oldham, Knoxville, Tennessee, for the appellant, Patricia Ross.

---

[1] These funds at issue are referred to hereinafter as "the funds."

1

Wayne A. Ritchie II and James R. Stovall, Knoxville, Tennessee, for the appellee, Robert T. Stooksbury, Jr.

**OPINION**

I.

In response to the creditor's request in the federal action that the court issue a garnishment of the funds, plaintiff filed a "petition to exclude Patricia C. Ross's checking, savings and certificate of deposit accounts from scope of garnishment," which states as follows in its entirety:

> Patricia C. Ross, individually, and Defendant Rebecca Ross Jordan, petition the Court that the personal checking account, savings account, and certificate of deposit of Patricia C. Ross be excluded from the scope of the writ of garnishment issued in this action on April 2, 2012 for the reasons stated in the affidavit of said Patricia C. Ross attached hereto.

Plaintiff's affidavit says, in pertinent part, as follows:

> 1. . . . Because of my age and my lack of business experience, following my husband's death, I gave to two of my daughters – Rebecca R. Jordan, who was made a party defendant in this case, and Susan R. Ross – a durable power of attorney to act on my behalf with respect to business and healthcare matters. That durable power of attorney, a copy of which is attached (Attachment 1), remains in effect.
>
> 2. For the purpose of implementing that durable power of attorney with respect to my personal checking account at Citizens Bank of Blount County, Tennessee (CBBC), my personal savings account at CBBC, and my certificate of deposit at CBBC, I had the names of those two daughters included on CBBC's signature card records for those three accounts for the sole purpose of enabling them to act on my behalf regarding those accounts if I should be unable to do so.
>
> 3. Neither of my two daughters named in the durable power of attorney put any money into any of those CBBC accounts, they have never taken any of the money out of those

2

accounts, and they have always taken the position, as I have, that those are my three accounts and they are to be used for my needs and purposes only. Copies of documents that I obtained from CBBC on April 9, 2012, regarding the history of those accounts, which are consistent with and are submitted in further support of this affidavit, are attached[.]

4. CBBC informed me on April 9, 2012, that as of that date (April 9) the balance in the CBBC checking account is $2,169.46, the balance in the CBBC savings account is $25,154.53, and the balance in the certificate of deposit is $3,077.66.

5. CBBC mailed to me on April 3, 2012, a copy of a Writ of Garnishment issued in this case on April 2, 2012. CBBC also has informed me that it has put a hold on all of the funds in my CBBC checking account, my savings account, and my certificate of deposit referred to above because my daughter Rebecca R. Jordan's name is on the CBBC records regarding those accounts and the Writ of Garnishment served on it includes her name.

6. As stated in paragraphs 1 through 3 above, there was never an intent by me or either of my daughters to whom I gave the durable power of attorney that either of them be the owners of any interest in any of those three account[s], and that their names were included on the CBBC records regarding those accounts for the sole purpose of enabling them to act on my behalf if I should [be] unable to do so for any reason.

On May 16, 2012, the federal court entered an order denying plaintiff's petition, ruling in pertinent part as follows:

Patricia C. Ross has filed a Petition to Exclude, in which she moves the Court to exclude her checking account, savings account, and certificate of deposit from the scope of the Writ of Garnishment served on Citizens Bank of Blount County in this case. The [creditor] seeks to garnish these accounts based upon the multi-million dollar Judgment in his favor entered in this case against the Defendants, including Ms.

3

Rebecca Ross Jordan. Both Ms. Ross and Ms. Jordan are listed as account owners on these accounts.

In support of her request for relief from garnishment, Ms. Ross states that she added her two daughters . . . to these accounts based upon her age and lack of business experience. Ms. Ross states that neither of her daughters has put money into or taken money out of these accounts.

The [creditor] responds that the Petition should be summarily denied because it is insufficient on its face and cites no authority to support its requested relief. The [creditor] argues that the accounts at issue are properly subject to garnishment pursuant to Tennessee Code Annotated § 45-2-703(a).

Tennessee Code Annotated § 45-2-703 provides that when a deposit is made in the names of two or more persons "any part of the deposit, or any interest or dividend on the deposit, may be paid to either person." Tenn. Code Ann. § 45-2-703(a). The statute further instructs, "Any balance so created, including, but not limited to, any balance held by spouses, shall be subject to assignment by, or the claim of any creditor of, either depositor, as if the depositor were the sole owner of the funds. . . ." *Id*.

Ms. Ross has not cited the Court to any statutory authority under which the Court may grant her request, nor has she cited the Court to any case law supporting such relief. The applicable statutory authority directs that the moneys deposited into the account owned by both Ms. Ross and Ms. Rebecca Ross Jordan are subject to the claims of creditors of either depositor – in this case, the claim of the [creditor] – "as if the depositor were the sole owner of the funds." The Court finds that Tennessee Code Annotated § 45-2-703(a) would allow execution and garnishment against these accounts, because Ms. Jordan is listed as an account owner. The Court cannot say that the equities of this situation would support granting the relief requested by Ms. Ross.

*        *        *

4

> Accordingly, the Court finds that the Motion to Exclude is not well-taken, and it will be DENIED.

(Capitalization in original; footnote and citations to federal court record omitted.)

On June 5, 2012, the federal court entered an order directing the bank to disburse the funds to the creditor, stating in pertinent part:

> Before the Court is [the creditor's] Motion For an Order Directing Citizens Bank of Blount County to Disburse Certain Garnished Funds To [the creditor]. . . . [O]n April 3, 2012, a Writ of Garnishment was issued . . . and served on Citizens Bank of Blount County by the U.S. Marshal. Citizens Bank of Blount County answered the garnishment initially on April 13, 2012, and stated that it held funds of the judgment Defendants as follows: . . . as to Defendant Rebecca Ross Jordan, the total sum of $31,783.04 . . .
>
> Defendant Patricia Ross filed a Petition requesting that certain funds which were the subject of the Writ of Garnishment served on Citizens Bank of Blount County should be excluded from the garnishment because of an individual interest she claimed in those funds; Robert Stooksbury filed a response in opposition to this Petition; and Ms. Ross' motion was denied in the Memorandum and Order entered May 16, 2012, by Magistrate Judge Guyton.
>
> *     *     *
>
> Having reviewed and considered [the creditor's] related motions referenced above, having considered [plaintiff's] failure to file any response in opposition to these motions, and based on the record as a whole, the Court finds [the creditor's] referenced motions to be well-taken. Accordingly, it is hereby ORDERED that Citizens Bank of Blount County shall immediately disburse to [creditor]., . . . as to Defendant Rebecca Ross Jordan, the total sum of $31,783.04[.]

(Capitalization in original; citations to federal record omitted.) Neither plaintiff nor her daughter, Ms. Jordan, appealed these federal court orders, and it is undisputed that they have become final.

5

On May 18, 2012, plaintiff filed the present action in the trial court. Her complaint alleges:

> This lawsuit is being brought pursuant to T.C.A. §45-2-703(a) in order to establish rights that the [p]laintiff, as depositor, has in the funds described herein.
>
> Patricia Ross is the Personal Representative of the Estate of Dale Ross . . . . In that capacity, she was sued by the [creditor], . . . alleging *inter alia* that her deceased husband, Dale Ross, had committed certain actions against the [creditor] for which his estate may be liable.
>
> *     *     *
>
> Patricia Ross was named only in her capacity as the Personal Representative of the Estate of Dale Ross, not in her individual capacity.
>
> As a result of that lawsuit, a judgment was obtained against multiple defendants, including Patricia Ross in her capacity as Personal Representative of the Estate of Dale Ross, and Rebecca Rose Ross Jordan, the daughter of Patricia Ross.
>
> As Patricia Ross was not named individually in the lawsuit, no judgment entered against her in her individual capacity, and thus, none of her individual assets are subject to garnishment or attachment by the Defendant.
>
> *     *     *
>
> At some point after each of these accounts was established, in order to assist Patricia Ross with her finances, Rebecca Rose Ross Jordan, and her sister, Susan R. Ross were added as additional owners of the accounts, though there is dispute as to whether they were to be added solely as signatories to the accounts as opposed to owners.
>
> At no time since either Susan Ross or Rebecca Jordan were added to the accounts have either of them contributed to these

6

accounts, nor have they withdrawn funds for their personal benefit. These accounts, despite having additional named owners are the sole and exclusive property of Patricia Ross and consist of funds belonging solely and exclusively of funds belonging to Patricia Ross.

\* \* \*

As a result of the judgment he obtained in federal court, the [creditor] has instituted proceedings to attach the funds belonging solely and exclusively to the [p]laintiff on the basis that Rebecca Ross Jordan's name appears on this account.

Plaintiff seeks relief from this Court under T.C.A. §45-2-703(a) and would have this Court enter an Order declaring that the funds in the above described accounts are the sole and exclusive property of the [p]laintiff and, thus, are not subject to garnishment or attachment by the [creditor].

(Italics in original; numbering in original omitted.)

The creditor filed a notice of removal of this action to federal district court. In federal court, plaintiff filed a motion to remand to the trial court, which the federal court granted, finding it had no original subject matter jurisdiction. *Ross v. Stooksbury*, No. 3:12-CV-290, 2012 WL 4758328 (E.D. Tenn. Oct. 5, 2012). The creditor then filed in chancery court a motion to dismiss, arguing that this "suit is nothing more than an attempt by plaintiff to re-litigate in a different forum an issue that has been raised and resolved in Mr. Stooksbury's favor by the United States District Court." The creditor asserted that plaintiff's petitions in federal court "assert the same positions being asserted in this Court," and consequently her action should be dismissed "based on the doctrines of *res judicata* and *stare decisis*." (Italics in original.) After a hearing, the trial court granted the motion to dismiss. Plaintiff timely filed a notice of appeal.

II.

Plaintiff raises the following issue, as quoted from her brief:

Did the trial court commit legal error in granting the [creditor's] Motion to Dismiss on the grounds of collateral estoppel and/or *res judicata*, when the elements of neither had been met?

7

(Italics in original.)  There are no disputed issues of material fact as pertinent to the issue before us on appeal.  "A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness."  *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

III.

The Supreme Court has recently reiterated the elements of a res judicata defense, stating as follows:

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit.  *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)).  It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits.  *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).
>
> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.  *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

*Jackson*, 387 S.W.3d at 491.

The governing statute, Tenn. Code Ann. § 45-2-703(a), provides in pertinent part as follows:

> When a deposit has been made or is hereafter made, in any bank, in the names of two (2) or more persons, payable to either, or survivor, the deposit . . . may be paid to either person . . . . Any balance so created . . . shall be subject to . . . the claim of any creditor of, either depositor, as if the depositor were the sole owner of the funds; provided, that if the creditor realizes its claim by any means other than enforcement of an assignment, pledge, or the grant of a security interest made by any one (1) of the depositors, any other depositor not indebted to the creditor may, by commencing a separate action against the creditor, establish the rights that the depositor may have in the funds.

In *Avenell v. Gibson*, No. E2004-01620-COA-R3-CV, 2005 WL 458733 (Tenn. Ct. App. E.S., Feb. 28, 2005), we construed this statute, observing that,

> a creditor had, and still has, the right to *levy* upon the funds in jointly-held bank accounts; [but that] does not mean that the creditor ultimately will be entitled to *keep* the funds levied upon. The creditor's right to *keep* the funds will depend upon the proof adduced at the hearing in the subsequently-filed separate action by the non-debtor depositor.
>
> \*       \*       \*
>
> In so many words, the statute simply instructs banks to (1) pay the funds into court, (2) get out of the way, and (3) let the non-debtor depositor "fight it out" with the creditor by showing "such rights as that depositor may have in the funds." In the case of a non-debtor spouse depositor with respect to a joint account held by the parties as tenants by the entirety, those "rights" translate into an entitlement to the return of the levied-upon funds.
>
> In the case of unmarried persons holding a joint account, the non-debtor account holder *would* be required to prove to the court that all, or part of, the levied-upon funds were directly attributable to him or her to the exclusion of the debtor depositor, in order for that portion of the funds to be returned to the non-debtor depositor.

9

*Id.* at *5, 6-7 (emphasis in original). In ***Harber v. Nolan***, No. E2000-00356-COA-R3-CV, 2000 WL 1100229 at *4 (Tenn. Ct. App. E.S., Aug. 3, 2000), we stated:

> T.C.A. § 45-2-703(a) specifically provides for the filing of "a separate action" by the non-debtor [depositor] to determine her rights in the funds. If the Legislature had intended to require the non-debtor [depositor] to proceed in the action from which the garnishment arose, the Legislature would have said so rather than specifically *allowing* the non-debtor [depositor] to file "a separate action." The language of the statute itself indicates the legislative intent *to allow* that "separate action" to be filed not in the lawsuit from which the garnishment was issued, but in the county where the bank account is maintained.

We emphasize the word "allow" in the above quote to illustrate our initial observation that nothing in the statute *requires* a non-debtor depositor to file a separate action. The language of the statute uses permissive, not mandatory, language, in providing that "any other depositor not indebted to the creditor *may*, by commencing a separate action against the creditor, establish the rights that the depositor may have in the funds." (Emphasis added.) By the same token, a non-debtor depositor may also elect to have the court in which the writ of garnishment issued also decide his or her rights in the funds at issue.

In this case, plaintiff argues that two elements of res judicata were not established, asserting that (1) the same parties were not involved in both suits, and (2) the same claim or cause of action was not asserted in both suits. Plaintiff correctly points out that she *initially* was before the federal court only in her capacity as personal representative of the estate of Dale M. Ross. In her petition to exclude the funds from the scope of the garnishment, however, plaintiff expressly states that she is appearing "individually." By this, she placed herself before the court in her individual capacity, and asked the court to determine her individual rights. We are of the opinion that plaintiff's election to appear individually in the federal court action satisfies the element "that the same parties or their privies were involved in both suits." ***Jackson***, 387 S.W.3d at 491.

Secondly, plaintiff argues that the same claim or cause of action was not asserted in both suits. She argues that in federal court, she only requested that the court exclude the funds from the scope of garnishment, and did not ask the court to "establish the rights that [she] may have in the funds." Tenn. Code Ann. § 45-2-703(a). Plaintiff asserts that the federal court did not reach or rule on the question of the ownership of the funds. We hold that by arguing to the federal court that she was actually the sole owner of the funds,

10

and that neither of her daughters put money in or took money out of the accounts, plaintiff clearly placed at issue her rights in the funds. Furthermore, she filed substantial proof of the ownership of the funds with the federal court, including her affidavit and bank records of CBBC, in support of this argument. At the hearing on the creditor's motion to dismiss, the trial court disagreed with plaintiff's argument, finding the issue had been raised and decided in federal court, and saying in pertinent part as follows:

> MR. OLDHAM (plaintiff's counsel): We are merely guessing, because all Judge Guyton ever really comes back and says is that the equity of the situation dictate[s] that the garnishment is proper, and solely because – his sole reasoning is that Ms. Jordan's name is on the account. He never gets to ownership. So, therefore, this issue has never been before any Court, except for this one –
>
> THE COURT: It is not true that he did not get to ownership. He says that the garnishment, the execution and garnishment were allowed because she was an account owner.
>
> MR. OLDHAM: . . . well, an account holder. The statute that we are dealing with here, the 45-2-703, if they are listed as an account owner, that is how you have to get to garnishment, if there is joint account holders.
>
> THE COURT: I am just making the point that you said he didn't get to the issue of ownership. He clearly finds that she was an account owner.
>
> MR. OLDHAM: Sure. Oh, well, I guess the bank uses account holder. This uses, the statute uses account holder. He says account owner. But . . . the only thing that was before him was a signature card, in terms of the signature card presented by [plaintiff] saying here is the account, here is the funds.
>
> THE COURT: Well, you keep saying the only thing that was before him. And that is why we are struggling here a little bit, because, *clearly, in her petition, she argued the exact same things*. You are wanting to distinguish, you are saying that his ruling only had to do with the garnishment. The garnishment could have been proper, and yet she still could

have the right to come back pursuant to the statute and say, yes, but I one hundred percent completely funded all of that, it was my money. *But she raised those issues in her petition. . . . She clearly raised these issues, she clearly in her petition said this is my money, it belongs to me.*

MR. OLDHAM: Sure.

THE COURT: So it was before him.

MR. OLDHAM: To a degree.

                   \*          \*          \*

THE COURT: She raised these issues, the same issues that she is raising now, in a petition that she chose to file individually in an action where she was not individually a party.

(Emphasis added.)

The evidence plaintiff presented to the federal court was *only* relevant to the issue of the true ownership of the funds, and we believe she presented it in an attempt "to prove to the court that all, or part of, the levied-upon funds were directly attributable to . . . her to the exclusion of the debtor depositor." *Avenell*, 2005 WL 458733 at \*7. In this action, plaintiff relies on the same, identically-worded affidavit that she filed in federal court to demonstrate that the funds were hers. The claim raised here is the same one presented to and decided by the federal court. We note that the federal court, after hearing and considering the proof regarding ownership of the funds, held that "[t]he Court cannot say that the equities of this situation would support granting the relief requested by Ms. Ross." Plaintiff allowed two federal court orders to become final by not appealing them – the order ruling the funds subject to garnishment, and the order mandating that the funds be distributed to the creditor.

Plaintiff, relying on the statutory language providing that "any other depositor not indebted to the creditor *may, by commencing a separate action against the creditor*, establish the rights that the depositor may have in the funds," argues that the application of the res judicata doctrine would render this language "inoperative, superfluous, void, or insignificant." (Emphasis added.) If the plaintiff had not elected to appear before the federal court in her individual capacity and raise the issue of the true ownership of the funds, she would have been entitled under the statute to file a separate action in chancery

court.  But Tenn. Code Ann. § 45-2-703 does not abrogate the res judicata doctrine in actions it governs.  In the words of the most often-used res judicata metaphor, the statute does not entitle her to a second bite at the same apple, in a second court of her choosing, once she has asked the federal court to establish the rights in the funds, lost in federal court, and allowed the federal judgment to become final by not appealing it.  If she thought the federal court committed reversible error, she should have appealed its decision.

IV.

The trial court's judgment that this action is barred by the res judicata doctrine is affirmed.  Costs on appeal are assessed to the appellant, Patricia Ross.  The case is remanded for collection of costs assessed in the trial court.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE