# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 15, 2015

## MICHAEL R. ADAMS v. JOHNNIE B. WATSON, ET AL.

### Appeal from the Circuit Court for Shelby County
No. CT00363014     Robert L. Childers, Judge

_____

### No. W2015-00325-COA-R3-CV – Filed September 24, 2015
_____

Plaintiff/Appellant appeals the trial court's dismissal of his complaint on the ground that it was barred by the doctrine of res judicata. Specifically, Appellant argues that a prior dismissal on the basis of the expiration of the statute of limitations was not an adjudication on the merits. Because dismissals on statute of limitations grounds generally operate as adjudications on the merits, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Michael R. Adams, Memphis, Tennessee, Pro se.

André C. Wharton, Memphis, Tennessee, for the appellees, Johnnie B. Watson, Lemoyne-Owen College, Barbara S. Frankle, Clifford Merryman, and Addie Harvey.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

On August 22, 2014, Plaintiff/Appellant Michael R. Adams, acting *pro se*, filed a complaint against Defendant/Appellees Johnnie B. Watson, Barbara S. Frankle, Clifford Merryman, Addie Harvey, and Lemoyne-Owen College (collectively, "Appellees"). The complaint was captioned "Plaintiff's Second Case filing Under Provision of Tennessee's Doctrine of Res Judicata, against Defendants' Breach of Implied Contract, Fraudulent and Negligent Misrepresentation, Intentional Infliction of Emotional Distress, and to include Plaintiff's Claims for Restitution and Unjust Enrichment at Law under an implied-in-law contract (Quantum Meruit Action)." In his complaint, Mr. Adams admitted that at least one prior case involving similar allegations was dismissed based upon the expiration of the applicable statute of limitations. Mr. Adams asserted, however, that his present cause of action accrued on September 24, 2013 and was, therefore, within the applicable statute of limitations. Mr. Adams sought $5.5 million in damages.

On September 23, 2014, Appellees filed a joint motion to dismiss Mr. Adams's complaint for failure to state a claim upon which relief could be granted. On the same day, Appellees filed a memorandum in support of their motion to dismiss. Therein, Appellees asserted that Mr. Adams's complaint represented his third claim involving the same subject matter. According to Appellees, Mr. Adams's first complaint was filed on June 17, 2010 ("2010 Complaint"), alleging breach of implied contract, fraudulent misrepresentation, intentional infliction of emotional distress, and interference with contract against Lemoyne-Owen College. The trial court eventually granted a motion to dismiss the 2010 Complaint with prejudice, finding that the cause of action was barred by the expiration of the applicable statute of limitations. Nothing in the record indicates that Mr. Adams appealed the dismissal of the 2010 Complaint. Mr. Adams filed a second complaint against Lemoyne-Owen College on May 8, 2013 ("2013 Complaint"). The 2013 Complaint was voluntarily dismissed by order of May 22, 2014.

The trial court held a hearing on Appellees' motion to dismiss the subject complaint on January 16, 2015. On January 27, 2015, the trial court entered an order dismissing Mr. Adams's complaint on the ground of res judicata. Specifically, the trial court found that the "instant Complaint arises from the same allegations contained in [Mr. Adams's] previous complaints[.]" The trial court further found that the dismissal of the 2010 Complaint on the ground of the expiration of the statute of limitations was a final adjudication on the merits. Accordingly, the trial court ruled that Mr. Adams's instant complaint was barred by the doctrine of res judicata. Mr. Adams filed a timely notice of appeal.

## Issues Presented

As we perceive it, there is one issue on appeal: Whether the trial court erred in dismissing Mr. Adams's complaint on the ground of res judicata.

## Standard of Review

In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true and review the trial court's legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, 25 (Tenn. Ct. App. 2010) (citing *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996)).

> When a trial court considers matters outside of the pleadings, however, . . . a motion to dismiss is converted to a motion for summary judgment. *E.g.*, *Adams TV of Memphis, Inc. v. ComCorp of Tenn., Inc.*, 969 S.W.2d 917, 920 (Tenn. Ct. App. 1997). We review a trial court's award of summary judgment de novo with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04; accord *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000)). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citing *see Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn.1993)).

*Moore v. State*, 436 S.W.3d 775, 783 (Tenn. Ct. App. 2014); *see also Patel v. Patel*, No. M2003-00375-COA-R3-CV, 2004 WL 746342, at *2 (Tenn. Ct. App. Apr. 7, 2004)

(affirming the trial court's finding of res judicata, after converting a motion to dismiss to a motion for summary judgment by considering matters outside the pleadings).

## Discussion

## I.

As an initial matter, we note that Mr. Adams is proceeding *pro se* in this appeal. As this Court explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).
>
> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).
>
> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or

4

defenses for pro se litigants where none exist, ***Rampy v. ICI Acrylics, Inc.***, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. ***Brown v. City of Manchester***, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); ***Usrey v. Lewis***, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

***Hessmer v. Hessmer***, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003).

On appeal, Appellees argue that this Court should dismiss Mr. Adams's appeal due to his failure to comply with the mandates of Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 provides that the brief of the appellant must contain, among other things:

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited; [and]
>
> * * *
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues); . . . .

Appellees contend that Mr. Adams's brief fails in several respects: (1) while a table of authorities is included in Mr. Adams's brief, it "fails to include cites that have references to the pages in the brief where they are cited[;]" (2) the argument section fails to "describe facts relevant to [Mr. Adams's] argument and only makes conclusory statements on his behalf[;]" and (3) and Mr. Adams's brief contains no applicable standard of review.

We accede that Mr. Adams's brief is deficient in some respects. We agree that Mr. Adams fails to include specific page citations to the cases he cites, either in the table of

authorities or argument sections of his appellate brief. However, while the argument section of Mr. Adams's brief is certainly not a model of clarity and may be insufficient to show an error in the trial court's judgment, we decline to conclude that Mr. Adams's efforts are so deficient as to require dismissal of this appeal without consideration of the arguments that are sufficiently raised in his appellate brief. Finally, we respectfully reject Appellees' contention that Mr. Adams's brief contains no applicable standard of review. Mr. Adams's brief clearly contains a section entitled "Standard of Review." This section aptly describes the general standard of review applicable in this Court, *see* Tenn. R. App. P. 13, and is sufficient for purposes of this case. Under these circumstances, we proceed to consider the substantive issue raised in this appeal.

## II.

The trial court granted the Appellees' motion to dismiss on the ground of res judicata. As explained by the Tennessee Supreme Court:

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

A party asserting the defense of res judicata must establish four elements: "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998) (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)). A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption

of correctness. ***Jackson***, 387 S.W.3d at 491 (citing ***In re Estate of Boote***, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005)).

Even reading Mr. Adams's appellate brief in the light most favorable to him, we must conclude that the only element that Mr. Adams disputes is the trial court's finding that the dismissal of the 2010 Complaint operated as a final adjudication on the merits. Instead, Mr. Adams argues that the dismissal was based upon a procedural defect that should not bar a subsequent suit.

We respectfully disagree. The trial court clearly dismissed Mr. Adams's 2010 Complaint on the ground that it was barred by the applicable statute of limitations. This Court recently considered, and rejected, the argument that a dismissal on the ground of the expiration of the statute of limitations was not an adjudication on the merits. *See* ***Hippe v. Miller & Martin, PLLC***, No. M2014-01184-COA-R3-CV, 2015 WL 2257175, at *3 (Tenn. Ct. App. May 12, 2015), *perm. app. denied* (Tenn. Sept. 16, 2015).

In ***Hippe***, the defendant filed a motion for summary judgment on the ground of res judicata, asserting that a prior case involving the same subject matter was dismissed based upon the expiration of the statute of limitations. The trial court granted the motion for summary judgment, finding that the previous lawsuit was dismissed pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim "because the statute of limitations had run." ***Id.*** at *1–*2.

On appeal, appellant argued that the prior dismissal was not an adjudication on the merits. The Court of Appeals disagreed. As this Court explained:

> The Tennessee Supreme Court has explicitly stated that "any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party 'operates as an adjudication upon the merits,' unless the trial court specifies otherwise in its order for dismissal." ***Creech v. Addington***, 281 S.W.3d 363, 378 (Tenn. 2009) (quoting Tenn. R. Civ. P. 41.02(3)). Thus, the ***Creech*** Court found, "an order granting a motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) is an adjudication on the merits." ***Id.*** (citing ***Boyd v. Prime Focus***, ***Inc.***, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001)).

*Hippe*, 2015 WL 2257175, at *3 (footnote omitted). Because the prior case had been resolved by the grant of a motion to dismiss for failure to state a claim due to the expiration of the statute of limitations, the Court of Appeals concluded that the dismissal was a final decision on the merits upon which res judicata could attach. ***Id.***

     Much like in ***Hippe***, Mr. Adams's 2010 Complaint was dismissed based upon the expiration of the statute of limitations. This clearly operates as an adjudication on the merits. ***Id.***; *see also* ***Grigsby v. City of Plainview***, No. E2006-02269-COA-R3-CV, 2007 WL 3171134, at *4 (Tenn. Ct. App. Oct. 30, 2007) (holding that "it is well-established that '[t]he rule of res judicata is applicable to former judgments which determined the question of statute of limitations'") (quoting ***Porter v. Daniels***, No. 88–276–II, 1989 WL 14219, at *3 (Tenn. Ct. App. Feb. 22, 1989)). Additionally, nothing in the record indicates that Mr. Adams appealed the dismissal of the 2010 Complaint; accordingly, we must conclude that the dismissal of the 2010 Complaint is now final. This element is, therefore, clearly met. Because Mr. Adams does not contest any of the other elements required to establish the applicability of the doctrine of res judicata in his appellate brief, we decline to address them. *Cf.* ***Hippe***, 2015 WL 2257175, at *2 (limiting its consideration to only the element contested by the appellant in his appellate brief); *see also* ***Watson v. Watson***, 309 S.W.3d 483, 497 (Tenn. Ct. App. 2009) ("The appellate court may treat issues that are not raised on appeal as being waived.") (citing Tenn. R. App. P. 13(b)). As such, we must conclude that the trial court correctly determined that the remaining elements were met. Accordingly, the judgment of the trial court is affirmed.

## Conclusion

     The judgment of the Circuit Court of Shelby County is affirmed, and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant Michael R. Adams. Because Mr. Adams is proceeding in *forma pauperis* in this appeal, execution for costs may issue if necessary.

_____<br>
J. STEVEN STAFFORD, JUDGE

8